J. C. Carpenter v. T. A. Minter.

No. 5998.

**Attachment—Affidavit for—Subrogation.**—Carpenter was surety on a note for which Minter was principal for $306, due in twenty days, with 12 per cent interest from maturity, and of date August 10, 1885, with 10 per cent additional for attorney fees should suit be bought. Without suit and after its maturity Carpenter paid the note and brought suit against Minter for $336.60, and obtained an attachment, having made affidavit to that amount as the indebtedness. The petition set out the facts, making the note an exhibit. *Held:* (1) Upon payment of the note by the surety he became subrogated to all the rights of the holder; (2) that although the holder had not sued upon the note, still the plaintiff by suing upon it, as he had the right to do, became entitled to recover the stipulated attorney fees; and (3) the motion to quash the attachment for variance between the affidavit and petition as to the amount of indebtedness should have been overruled.

Appeal from Wise.  Tried below before Hon. F. E. Piner.

The appellant (plaintiff below) sued appellee (defendant below) to recover a sum of money which the former had paid as surety for the latter. Plaintiff alleged that on the tenth day of August, 1885, defendant executed a note to Henry Greathouse for $306, due at twenty days, bearing twelve per cent per annum from maturity; that plaintiff signed the note with defendant as principal, but was in fact only a surety for defendant; that by the execution of the note defendant and plaintiff became bound to pay the principal and interest thereon at maturity, and ten per cent attorney fees on the amount in case the note was not paid at maturity, making a total of $336.60; that after the maturity of the note plaintiff paid off and satisfied the note in full to the payee. It is then alleged that defendant became liable to pay plaintiff $336.60, being the amount actually paid out for defendant by plaintiff, including the ten per cent attorney fees provided for in case the note was not paid at maturity, which sum defendant has wholly failed to pay, etc.

The note is made an exhibit to the petition. It is an ordinary promissory note for $306, due in twenty days, bearing twelve per cent interest per annum from maturity, with the following stipulation: "In case of nonpayment of the above note at maturity we hereby authorize any licensed attorney at law to appear for us in court and accept service, waive process, and confess judgment in favor of the legal holder of said note against us for the amount of said note and interest, with ten per cent attorney fees additional." The note is signed by plaintiff and defendant. Plaintiff sued out an attachment, the affidavit for which avers that the amount due by defendant is $336.60, etc.

Defendant moved to quash the attachment "because the affidavit for attachment  *  *  *  sets forth an indebtedness of $336.60, while the petition  *  *  *  shows an indebtedness of only $306." The court sustained the motion to quash, to which ruling the plaintiff excepted in

form. The court rendered judgment for plaintiff for $328.95, and plaintiff appealed and assigned error in the ruling of the court in quashing the attachment proceedings because the petition claimed the same amount as was claimed in the affidavit, and hence there was no variance.

*Gose & Bonner* and *L. C. Sparkman,* for appellant.—When the note sued on stipulates to pay ten per cent additional as attorney fees in case the note is not paid at maturity such attorney fees become a part of plaintiff's cause of action (if the note be not paid at maturity) if claimed as such in the suit, and constitutes a part of the amount in controversy, being an element of plaintiff's damage by express contract. Roberts v. Palmore, 41 Texas, 617; Miner v. Exchange Bank, 53 Texas, 559; Washington v. First National Bank of Denton, 64 Texas, 4; Stansell & Younger v. Cleveland, 64 Texas, 660; 2 Willson's Civil Cases, sec. 556, King, McRae & Co. v. Robinson; 2 Willson's Civil Cases, sec. 557, Carr v. King et al.

*Crane, Patterson & Martin,* for appellee.—Where there is a greater sum claimed in an affidavit for attachment than is shown by the petition to be due, the variance is fatal to the attachment. The petition shows that the plaintiff paid for the defendant $306 and that $306 was all that could have been due at the time of the payment. The affidavit claims $336.60. Marshal v. Alley, 25 Texas, 342; Espey v. Heidenheimer, 58 Texas, 662; Joiner v. Perkins, 59 Texas, 300; Dwyer v. Testard, 65 Texas, 432; Evans & Martin v. Tucker, 59 Texas, 249.

Where the surety pays the debt of his principal he is entitled to recover no more than he paid unless such payment was compulsory. In that case he may recover his costs and expense. Pomeroy's Equity, sec. 1417, note; Daniel on Negotiable Instruments, sec. 1342; Burns v. Ledbetter, 56 Texas, 282.

COLLARD, JUDGE.—This case must be reversed. There was no variance in the affidavit for attachment and the petition. The affidavit claimed that $336.60 was the amount justly due the plaintiff. The petition claimed by its allegations the same amount, and the exhibit attached to the petition did not show that a less amount was due. It is true the petition alleged that the attorney fees were to become due on maturity of the note, and the note filed as an exhibit to the petition only allowed attorney fees in case of suit by the payees; but the surety paid the note on maturity and then brought suit against his principal, the maker. This of course he had the right to do, and his right to sue was on the note itself. The error of the court below was in finding that the surety could only sue for the amount that appeared to be due on the note at the time it was paid by the surety without suit by the payee. This was incorrect. The surety having paid the note was subrogated to all the

rights of the payee, that is to sue on the note and recover the same amount the payee could have recovered by suit. The right of the surety after payment of his principal's note was not on the implied assumpsit for the amount paid, but to sue on the note itself. The payee by suit could have recovered the principal and interest and ten per cent attorney fees on the amount. Worsham v. Stevens, 66 Texas, 89. The surety could by suit on the note recover the same judgment. The note was not extinguished by the surety's payment. Tutt v. Thornton, 57 Texas, 35; Sheldon on Subrogation, sec. 86. An inspection of the petition and the exhibit does not show that the attorney fees were not due, but that they were due plaintiff below. There was no variance between the petition and the affidavit for attachment.

The cause should be reversed.

*Reversed and remanded.*

Adopted December 21, 1888.