## ANTHONY V. MANLOVE.

Decided October 11, 1890.

*Possessory action for tax land—Affidavit of tender—Contesting truth of allegations.*

> Where the plaintiff in an action for the recovery of land from a tax purchaser files the affidavit of tender of taxes, as required by the act of January 10, 1857 (Mansf. Dig., sec. 2649), the defendant should not be permitted to contest the truth of its allegations.

APPEAL from *Jefferson* Circuit Court.

JOHN A. WILLIAMS, Judge.

In 1887 Robert Manlove, a minor, sued Anthony to recover land of which his father died seized in 1879, and alleged that in 1883 defendant entered into possession and still held the land under a void tax title. He filed with the complaint an affidavit of the tender of taxes, as provided by section 2649, Mansfield's Digest.

Defendant answered that he purchased the land from the commissioner of state lands, and held exclusive possession for more than two years preceding the commencement of the suit; and denied that plaintiff had made any tender as alleged in his affidavit.

The court held defendant's tax title void and conceded defendant's adverse possession for more than two years, but held that, to acquire title by limitation, his possession must have "been adverse and actual, under claim of title hostile and against one of full age for seven years next preceding bringing of suit." There was no evidence of the tender introdu-

ced at the trial, save the affidavit above mentioned. From a decision in plaintiff's favor defendant appealed.

*U. M. &. G. B. Rose* and *N. T. White* for appellant.

*J. M. & J. G. Taylor* for appellee.

HEMINGWAY, J. This was an action of ejectment against a purchaser at a tax sale. There was an affidavit that the plaintiff had made the tender, as prescribed by the second section of the act of January 10, 1857, being section 2649 of Mansfield's Digest. The sufficiency of the affidavit was not controverted, but the defendant sought to traverse its allegations by his answer. This the court declined to permit, and upon a trial rendered judgment for the plaintiff.

Recovery of tax land—Contesting affidavit of tender.

The statute does not in terms provide that any issue may be made upon the allegations of the affidavit. Its language is plain, and is fully satisfied by the making and filing of the affidavit. There is no wise or beneficent purpose to be accomplished by the act, which would justify the extension of its operation beyond its letter; besides, being penal in its nature, it should be strictly construed. If issue could be taken on the affidavit, and upon the trial it was found that a sum was due for taxes and improvements slightly in excess of the amount tendered, the action would fail. Such a contingency not only might, but in all probability would, very often occur, and thus defeat justice; but the meaning of the statute should not be extended beyond its letter to accomplish such results.

The other points presented in this case are controlled by the case of *Sims v. Cumby, ante*, p. 418.

Upon the findings of fact by the court, judgment should have been rendered for appellant upon his plea of limitation. As the appellee is a minor, he may, if he is so advised, reform his complaint, and convert the action into a suit to redeem.

Reverse and remand.