LOCHREN, District Judge.
The bill of complaint in substance alleges that complainant is the owner in fee of an undivided five-ninths of the tract of 80 acres of land described in the bill, deriving his title from his grandfather, who died testate in 1841, and through the complainant’s mother, who was one of the devisees under the will of the grandfather, and heir of another devisee, and who died in 1873, when the Complainant was less than two years old. The bill also avers the sale of the land to the state of Arkansas, June 10, 1873, for the delinquent taxes of 1872, amounting, with penalty, to $43.20, which sale is alleged to have been void, because it included a tax for interest on levee bonds, assessed at 16 cents per acre, instead of being assessed upon a valuation of the land, as required by the constitution of the state of Arkansas, and because of irregularities stated. It avers also that the county clerk, after expiration of the period of redemption, certified the tract to the state land commissioner, who placed the same on record, and offered it for sale or donation, as the property of the state, and that on December 18, 1875, one J. Redwood procured a certificate of donation of said tract from the land commissioner, and made proof of improvements, and obtained a donation deed of the tract in due form; and that after his death his heirs transferred their title and the possession of the tract to defendant, who has since been in possession of the land; that complainant arrived at full age on the 22d day of November, 1892, and that he had no means of knowing the amount of taxes that may be due the defendant, in order to make tender of the same; and he prays that he may be permitted to *593 pay such taxes as may be due the defendant, and that he may be allowed rent, and have writ of possession, and that the donation deed may be declared a cloud on his title, and removed as such, and for general relief. A general demurrer to the bill, alleging want of equity, and that complainant has an adequate remedy at law, and that the bill does not show that complainant had filed with the clerk of the court an affidavit of tender to the defendant of all taxes, interest, and the value of improvements, was sustained by the circuit court, on the ground that complainant had a complete and adequate remedy at law by applying to the commissioner of state lands to redeem the lands in controversy, under the provisions of section 4596 of Sandels & Hill’s Digest, which reads as follows:
“All lands and town or city lots, or parts thereof, which have been or may-hereafter be forfeited to the state for non-payment of taxes, which belong to' minors, femmes covert, persons of unsound mind, and persons in confinement at the date of forfeiture, may he redeemed by such persons by application to the commissioner of state lands within the limitation now prescribed by law,, and upon the terms and in the manner now provided by law, or that may-hereafter be prescribed by law.”
Section 6615 of the same Digest provides that redemption from tax sales may be made by minors, insane persons, etc., within two years' after the expiration of such a disability. Section 2595 of the same Digest provides that no person shall maintain an action for the recovery of any lands, or for the possession thereof, against a person holding such lands under a purchase at a tax sale, or purchase from the state of land forfeited for the nonpayment of taxes, or person holding the land under a donation deed from the state, unless before issuing the writ he shall file in the office of the clerk of the court in which the-suit is brought an affidavit setting forth that the claimant has tendered to the person holding such land, his agent or legal representative,, the amount of taxes first paid for said lands, with interest thereon from the date of payment thereof, and all subsequent taxes paid by the purchaser, with interest thereon, and the value of all improvements made on such land by the purchaser, his heirs, assigns, or tenants,, after the expiration of the period allowed for the redemption of lands-sold for taxes, and that the same have been refused. From the reading of these several provisions of the Arkansas statutes, it seems quite clear that the complainant could not have redeemed the land in controversy by applying to the commissioner of state lands, under the provisions of section 4596 of Sandels & Hill’s Digest, above quoted, and that such section only applies to the case of lands which remain, forfeited to" the state for nonpayment of taxes. In such case only-the state is interested in the matter of the delinquent taxes, and consequent forfeiture, and the land commissioner, on behalf of the stated can certify the redemption on the terms prescribed by law:. But when such lands have been purchased from or donated by the state;, the state ceases to be interested in the matter of the delinquent taxes-, and only the purchaser or donee, or persons holding under and through him, have such interest; and section 2595 then applies. The state land commissioner has no longer jurisdiction, nor any data upon which to act. He cannot determine upon the value of improvements, for instance, nor issue any process to put the redemptioner in possession. *594 of the land. The complainant therefore had no remedy in this case toy means of application to the state land commissioner.
This is a bill to redeem, and a redemption of land through the intervention of a court is equitable in its nature, its effect being, ordinarily, to devest an outstanding legal title, upon the payment of what is due to the holder of such title. In Arkansas a donation deed is prima facie evidence of good title in the donee. Radcliffe v. Scruggs, 48 Ark. 96. And the plaintiff’s suit to redeem is an affirmance of the tax title, and an election to defeat it by complying with the law governing such case, and the right of minors to redeem, may, in that state, be enforced in equity. Bender v. Bean, 52 Ark. 132, 12 S. W. 180, 241. The most serious question is whether the bill to redeem can be maintained without filing the affidavit of tender provided for by section 2595, Sand. & H. Dig., above referred to. The language ■of that section forbids the maintenance of an action to recover the lands, or for the possession thereof, without filing such affidavits of tender. The theory seems to be that such tender of itself effects the redemption, so that the redemptioner may thereupon maintain an action of ejectment, and he is not allowed to maintain that kind of action without such affidavit of tender. The section does not, by its terms, forbid the maintenance of a suit to redeem. And the supreme court of Arkansas holds that suits to redeem may be maintained, where that right remains because of the minority of the plaintiff, in cases where actions by the same plaintiffs for the recovery of the land have failed. Sims v. Cumby, 53 Ark. 418, 14 S. W. 623; Anthony V: Manlove, 53 Ark. 423, 14 S. W. 624. Even if such tender could be held requisite in ordinary cases, where the redemptioner claimed the entire land, and would bec.ome entitled to the whole upon paying the amount of all taxes, costs, interest, and the value of improvements, it would be impracticable, in a case like this, where the complainant claims only an undivided five-ninths of the land, and has the right to redeem only that five-ninths, and there is no existing right of redemption in the owners of the other four-ninths interest. He ought not to be compelled to pay the whole amount of such taxes, interest, and costs, and the entire value of all the improvements, as a condition to the exercise of his right to redeem his undivided partial interest in the land. Neither could he take from the defendant,, by such redemption, his right to the four-ninths, in respect to which there is no outstanding right of redemption, and to which the complainant has .no claim of title. And if it be a fact, as alleged, that the original tax sale was void because of including taxes not levied in accordance with the provisions of the constitution, that may effect the liability of the complainant to pay amounts which are in the nature of penalties. Douglass v. Flynn, 43 Ark. 398. Section 2595 of said Digest is not applicable to a case of this kind. It must be settled upon principles of equity, making practicable the existing right of redemption, ¡and adapted to the unusual circumstances of the case. The decree ¡appealed from is reversed, with costs, and the cause remanded for ¡further proceedings.