BELOATE *v.* STATE EX REL. ATTORNEY GENERAL.

4-2824

Opinion delivered March 13, 1933.

W. E. Beloate, for appellant.
R. C. Waldron and E. H. Tharp, for appellee.

SMITH, J. The Attorney General commenced this suit under act 296 of the Acts of the General Assembly of 1929 (page 1235), to confirm the State's title to certain lands which had forfeited to it for the nonpayment of the taxes due thereon. The complaint described a certain forty-acre tract of land, which was alleged to have been sold in 1928 for the 1927 taxes.

W. E. Beloate, Jr., filed an answer, alleging his ownership of the forty-acre tract referred to, and a cross-complaint, in which Arthur Friar was made a cross-defendant, which pleading alleged that Friar had taken possession of the land under a donation certificate from the State based upon said sale for taxes.

It was alleged that the tax sale was void for the following reasons: (1) That the county court clerk, upon delivering the tax books to the tax collector, failed to attach a warrant to collect the taxes as provided by § 10,016, Crawford & Moses' Digest; (2) that the collector failed to file a delinquent list as required by § 10,082, Crawford & Moses' Digest, on or prior to the second Monday in May, 1928; and (3) the clerk failed to post a delinquent list in his office as required by § 10,084, Crawford & Moses' Digest.

A demurrer and motion to dismiss was filed by Friar, upon the ground that Beloate, the cross-complainant, "had never, at any time, tendered him any sum whatever for the amount of taxes paid, nor any sum for any improvements made, and the complaint does not so state."

There was no amendment to the cross-complaint to meet the allegations of the demurrer and motion to dismiss, which was sustained by the court and the cross-complaint was dismissed.

For the reversal of the decree of the court below it is insisted that cross-complainant was not required to comply with the provisions of § 3708, Crawford & Moses' Digest, by making tendor of taxes paid and improvements made, and was not, therefore, required to make that showing. This section reads as follows: "No person shall maintain an action for the recovery of any

lands, or for the possession thereof, against any person who may hold such lands by virtue of a purchase thereof at a sale by the collector, or Commissioner of State Lands, for the nonpayment of taxes, or who may have purchased the same from the State by virtue of any act providing for the sale of lands forfeited to the State for the nonpayment of taxes, or who may hold such lands under a donation deed from the State, unless the person so claiming such lands shall, before the issuing of any writ, file in the office of the clerk of the court in which suit is brought an affidavit setting forth that such claimant hath tendered to the person holding such lands in the manner aforesaid, his agent or legal representative, the amount of taxes and costs first paid for such lands, with interest thereon from the date of payment thereof, and the amount of taxes paid thereon by the purchaser subsequent to such sale, with interest thereon, and the value of all improvements made on such lands by the purchaser, his heirs, assigns or tenants, after the expiration of the period allowed for the redemption of lands sold for taxes, and, that the same hath been refused.''

This statute was construed in the case of *Anthony* v. *Manlove,* 53 Ark. 423, 14 S. W. 624, where it was referred to as § 2649, Mansfield's Digest, and Judge HEM-INGWAY, there speaking for the court, said of it that, ''being penal in its nature, it should be strictly construed.'' Being thus construed, the benefit of the statute may not be invoked by one in possession under a donation certificate merely, such as Friar held, but only by one, as applied to the facts of this case, ''who may hold such lands under a donation deed from the State.''

The Legislature has thus made a distinction between the holder of a certificate of donation and one who holds a donation deed. The reason for the distinction is, no doubt, that the holder of a donation certificate may never sufficiently comply with the requirements of the law to be entitled to a deed, by living upon the land in a house habitable at all seasons of the year, and by making proof of his improvements, etc. But, whatever may have been

the reason, the statute does not require a tender of the taxes and costs for which the land sold, nor of the value of the improvements made, to one in possession under a donation certificate. The original owner may therefore bring suit to cancel a void tax sale and the donation certificate based thereon without being required to make a tender of the taxes and the value of the improvements, and the court therefore was in error in dismissing the cross-complaint for failure to allege such tender.

If the cross-complainant shall establish the allegation that the tax sale was void, the court would, no doubt, ascertain the value of any improvements made upon the land by the donee by virtue of his certificate of donation under § 10,120, Crawford & Moses' Digest, and require the payment thereof as a condition upon which a writ of possession might issue. This section provides that for improvements made after two years from the date of the tax sale "the purchaser shall be allowed the full cash value of such improvements, and the same shall be a charge upon the land." This section has been construed to give the tax purchaser the right to make improvements without exacting the showing of belief in the integrity of his title which is required by the Betterment Act. *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 180, 241.

The decree of the court below is therefore erroneous, and the cause will be remanded with directions to overrule the demurrer and motion to dismiss the cross-complaint.