WILKINS *v.* MAGGARD.

4-3765

Opinion delivered March 11, 1935.

*Philip McNemer,* for appellant.
*Akers & Thurman,* for appellees.

Johnson, C. J. In 1910 appellant Wilkins became the owner by purchase of a tract of land situated in the west one-half of the northeast quarter, section 20, township 2 north, range 13 west, containing 20.06 acres. Wilkins having failed to pay the taxes for the year 1921, this land was forfeited in the year 1922 to the State of Arkansas for nonpayment of taxes thereon under the following description: "Part west half, northeast section 20, township 2 north, range 13 west, 20 acres in Pulaski County, Arkansas;" and has never been redeemed by the owner or by any one for him. In 1927, one A. A. Tapley donated said tract of land from the State, and subsequently, on January 29, 1930, received a deed thereto. This deed carried the identical description under which it was forfeited to the State. On October 22, 1930, Tapley sold to Dorothy Catherine Maggard, appellee herein, nine acres, more or less, off this tract of land under a description which is conceded to be definite and certain. Appellee paid to Tapley $500 for this tract. Immediately after the execution of this last-mentioned conveyance, the grantee therein took actual pedal possession of said last-mentioned tract of land and subsequently made permanent and valuable improvements thereon, of the admitted value of $2,319, before any question was raised by appellant concerning appellee's title. On May 29, 1933, appellant filed this suit in equity against appellee, seeking to quiet and confirm his title, and the facts heretofore recited were made to appear from the pleadings and testimony produced in said cause. The chancellor determined that the forfeiture to the State for nonpayment of taxes in the year 1922 was void because of indefinite and uncertain description of the tract of land sought to be forfeited that Tapley acquired no title to said tract of land under his donation certificate of 1927 or the subsequent deed issued by the State of date January 29, 1930, because of indefinite and uncertain description of the tract of land sought to be conveyed and that appellee acquired no title to the nine-

acre tract purchased by her from Tapley in October, 1930, because Tapley had no title to convey. The chancellor determined, however, that appellee had purchased in good faith and had expended $2,319 in effecting valuable and permanent improvements upon the nine-acre tract purchased from Tapley, and that she should be reimbursed therefor, and to this end a writ of possession was denied to appellant until this sum was paid to appellee. From that part of the decree denying a writ of possession to appellant he appeals.

Appellant's contention is that, since the deed from the State to Tapley is void upon its face, same bearing an uncertain and indefinite description, Tapley did not acquire color of title to said tract of land, and could not convey color of title to appellee; and that it follows from this that appellee is a trespasser upon the tract of land and is not entitled to reimbursement for expenditures for improvements made thereon.

A construction of our betterment statutes is imperative in the solution of the contention here presented.

The original Betterment Act of March 8, 1883, which now appears as §§ 3703 to 3707, Crawford & Moses' Digest, gave to any person, believing himself to be the owner, either in law or equity, under color of title, who has peaceably improved same, and paid taxes, a claim against such land therefor, etc.

Subsequently, on March 31, 1883, what now appears as § 10,120, Crawford & Moses' Digest, was enacted as follows:

"No purchaser of any land, town or city lot, nor any person claiming under him, shall be entitled to any compensation for any improvements which he shall make on such land, town or city lot, within two years from and after the sale thereof; for improvements made after two years from the date of sale the purchaser shall be allowed the full cash value of such improvements, and the same shall be a charge upon said land."

The last-quoted section was § 155 of the Revenue Act of 1883. It is manifest from the provisions of the acts just referred to that the Legislature had the intent and purpose of affording betterments for improvements ef-

fected upon lands to two classes of persons, namely: First, under the act of March 8, 1883, to all persons who held lands under color of title and effected improvements thereon in good faith; secondly, under the act of March 31, 1883, to all occupying tax title claimants who effected improvements subsequent to two years after sale of land for nonpayment of taxes thereon irrespective of color of title and regardless of his belief in the integrity of his tax title.

This seems to have been the construction placed upon these statutes by this court soon after their enactment. In *Bender* v. *Bean*, 52 Ark. 132, 12 S. W. 180, 241, the opinion having been handed down at the May, 1889, term, this court had under consideration the applicability of the Betterment Act of March 8, 1883, or the act of March 31, 1883, and said:

"The law for the relief of occupying tax claimants of land in force when the suit was instituted was the 155th section of the revenue act of 1883 (Mansf. Dig., § 5792), which provides that they shall be allowed the full cash value for improvements made after two years from the date of sale. The law was passed subsequent to the 'betterment act' and gives to the claimant the right to compensation without the showing of belief in the integrity of his title, which is demanded by the latter act. Being the last expression of the legislative will and applicable especially to tax claimants, it prevails in this suit. The court followed the correct rule in allowing the tax-purchasers the value of the improvements made by them."

The view of this court as expressed above in reference to occupying tax claimants for improvements effected seems to have been overlooked in recent cases similar to *Sutton* v. *Lee*, 181 Ark. 914, 28 S. W. (2d) 697; *Tedford* v. *Emison*, 182 Ark. 1054, 34 S. W. (2d) 214; and a number of other cases, as neither the applicable statute nor *Bender* v. *Bean, supra*, are cited or discussed therein.

In the more recent case of *Beloate* v. *State*, 187 Ark. 17, 58 S. W. (2d) 423, our attention having been called to the statute and previous holdings, we reverted to the

holding in *Bender* v. *Bean, supra,* and remanded the cause under the following directions:

"If the cross-complainant shall establish the allegation that the tax sale was void, the court would, no doubt, ascertain the value of any improvements made upon the land by the donee by virtue of his certificate of donation under § 10,120, Crawford & Moses' Digest, and require the payment thereof as a condition upon which a writ of possession might issue. This section provides that for improvements made after two years from the date of the tax sale 'the purchaser shall be allowed the full cash value of such improvements, and the same shall be a charge upon the land.' This section has been construed to give the tax purchaser the right to make improvements without exacting the showing of belief in the integrity of his title which is required by the Betterment Act. *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 180, 241."

It appears from § 10,120, Crawford & Moses' Digest, and the cases referred to construing it, that neither color of title nor belief of the tax title purchaser in the integrity of his title is a prerequisite to his right to recover for improvements effected by him subsequent to two years after tax sale, and it follows from this principle that such occupying tax title purchaser may recover the value of all improvements made by him subsequent to two years after the tax sale or forfeiture for nonpayment of taxes irrespective of his belief in the integrity of his tax title, and regardless of color of title as reflected by his deed or other muniments of title, which appear in his claim.

It is admitted in this record that appellee expended for improvements on this nine-acre tract of land the sum of $2,319 subsequent to two years after the tax sale or forfeiture to the State for nonpayment of taxes and prior to the filing of appellant's suit, and this claim of appellee's for betterments comes within the teeth, and especially within the spirit, of § 10,120, Crawford & Moses' Digest, and the chancellor was correct in so deciding.

No error appearing, the decree is affirmed.