RAGAN *v.* HENSON.

4-4302

Opinion delivered May 4, 1936.

*Shaver, Shaver & Williams,* for appellant.
*Will Steel,* for appellees.

McHANEY, J. This is an action to recover the value of improvements made by appellant under a Donation Certificate. The complaint alleged that the southeast quarter of section 32, in township 16 south, range 27 west, was forfeited and sold to the State in 1927 for the taxes of 1926; that no redemption having been made within the time allowed by law, said lands were certified to the State; that on the 19th day of July, 1932, appellant applied for and received from the State Land Commissioner a donation certificate; that he immediately entered into the possession of said lands, began to improve and cultivate same and has since remained in possession of said lands, and has placed valuable improvements thereon of the cash value of $1,165, an itemized statement of which being attached to the complaint. He further alleged that under the provisions of act 2 of the Special Session of the Legislature, approved January 8, 1934, the owners of the land theretofore sold for taxes were granted the right to redeem until April 10, 1934; that on the 9th day of April, 1934, appellee, Henson, the then owner of the record title to said lands, redeemed the same from the State; that said act so extending the right of redemption further provides that if a donee in possession under a certificate of donation has any rights to property by way of betterments made, he should be remitted to his rights in the courts; and that although appellee, Henson, redeemed said lands under the provisions of said act, he has failed, refused and neglected to pay appellant for the improvements made as aforesaid, which constituted a just and legal claim and charge against said lands. He, therefore, prayed judgment for the value of his improvements, and that same be declared a lien on said lands, and, if not paid, said lands be sold in satisfaction thereof.

To this complaint a demurrer was interposed on two grounds: that it does not state facts sufficient to state a cause of action cognizable in equity under the laws of this State; and that it shows that plaintiff is still in possession of said lands, and that under the law he cannot maintain said action until he has surrendered possession. The court sustained said demurrer and, upon appellant's

declining to plead further, dismissed the complaint for want of equity.

Appellant's action is based primarily upon § 10120 of Crawford & Moses' Digest, the applicable portion of which, being the last clause therein, which reads as follows: "* * * for improvements made after two years from the date of sale the purchaser shall be allowed the full cash value of such improvements, and the same shall be a charge upon said land."

A portion of § 3 of said act No. 2 of the Second Special Session, held in January, 1934, page 3 of said acts, provides: "If, for any reason whatsoever, the sale to the State has not been certified to the State Land Commissioner, redemption may be made at any time before April 10, 1934, from the county clerk as now provided by law except that no penalty or interest shall be included, and except that no amount in addition to the taxes due at the time of delinquency and the fee hereinafter exacted for the issuance of the certificate of redemption, shall be included in the amount to be paid by the person redeeming; providing the words tax at the time the same became delinquent shall mean the tax due for one year only at the time of such delinquency. In the event donation of the land, or any part thereof, sought to be redeemed has not been completed and a deed issued and delivered to the donee, upon payment to the Commissioner of State Lands by the one seeking to redeem of the donation certificate fee in addition to the amount necessary to redeem such land from forfeiture, as provided herein, the Commissioner of State Lands shall permit said land to be redeemed and shall issue a certificate of redemption, as provided by law, and shall pay the donation certificate fee to the party entitled thereto. No pending donation or entry shall bar redemption, and it shall be mandatory upon the Commissioner of State Lands to issue a certificate of redemption to the one applying therefor, and if the donee or entryman has any rights as to property by way of betterments made by the donee he shall be remitted to his rights in the courts."

Assuming the validity of that portion of said act No. 2 which authorizes the redemption of land held under a donation certificate from the State, no question regarding its validity being raised by either party, it will be seen that the provision of the act is that "if the donee or entryman has any rights as to property by way of betterments made by the donee, he shall be remitted to his rights in the courts." The question is: When may the donee assert his action for betterments? Is he required to wait until dispossessed, or has surrendered the possession voluntarily, or may he bring his action at any time when still in possession after his right to acquire title from the State has been taken away from him, without fault on his part, by the action of the owner in redeeming the land? We think the cases relied upon by appellees are not in point as they were actions to try title or right to possession. Such is the situation in *Beloate* v. *State ex rel. Attorney General,* 187 Ark. 17, 58 S. W. (2d) 423, and in *Wilkins* v. *Maggard,* 190 Ark. 532, 79 S. W. (2d) 1003. Here, neither title nor right to possession is involved. Appellant concedes that appellee not only has the title but the right of possession. It does not appear that we have ever had a case exactly in point with this.

Appellee contends that the action was prematurely brought for the reason that under our former decisions, the value of the improvements made is determined at the time of recovery of possession or surrender of possession. We so held in the case of *McDonald* v. *Rankin,* 92 Ark. 173, 122 S. W. 88, where we said: "The value of improvements are (is) determined at the time of the recovery, for that is the time they are turned over to, and go into the usable possession of, the holder of the title." In the same case, the court quoted from *Summers* v. *Howard,* 33 Ark. 490, the following: "Such allowances (for improvements) are made upon the ground that the improvements do in fact pass into the hands of the plaintiff as a new acquisition; and they can only be a new acquisition to him to the extent of their value at the time he recovers or obtains possession of them; and, therefore, their value at that time is to be al-

lowed, and nothing more.'' But this was a case in which the right of possession was involved, and is not in point here.

We are of the opinion that § 3 of said act No. 2 above quoted, confers the right upon the donee or entryman to bring an action for the value of his improvements while still in possession of the land, and we cannot see any useful purpose to be served by requiring him to surrender possession, and then bring an action therefor. The action of the owner in redeeming the land, again assuming the validity of the act, rendered it impossible for the appellant to acquire title from the State under the donation statutes. It might well be that appellant had not sufficiently improved said land, or to the extent he desired, in order to make it his home at the time the redemption was effected. Any improvements made thereafter would be at his peril, for which no recovery could be had, and if he were required to wait until appellee should bring an action to dispossess him, it is not difficult to see that an injustice might be done him. It is not disputed that appellant is entitled to his betterments, whatever they may be, and we are of the opinion that the act above referred to confers an immediate right of action on appellant to recover the value of his improvements.

The decree will be reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings according to law, the principles of equity, and not inconsistent with this opinion.

MEHAFFY, J., dissents.