REYNOLDS *v.* PLANTS.

4-5046

Opinion delivered May 2, 1938.

*Kerby & Kerby,* for appellants.
*Calvin Sellers,* for appellees.

DONHAM, J.   Suit was filed by the appellants against appellees in the Perry chancery court December 7, 1935, to cancel a deed executed by the state of Arkansas to appellees, conveying to them certain lands described in the complaint.   It was alleged that appellants were the owners of the lands in question as the heirs at law of one John Stane, deceased.   It was further alleged that the lands involved were sold to the state of Arkansas by the collector of taxes of Perry county on June 19, 1928, for the delinquent taxes of the year 1927, and were certified to the state June 11, 1930; and that the tax sale which was the basis of the state's title was defective, and the deed of the state to appellees, therefore, void.   Thirty-one separate allegations, setting forth the alleged defects in the tax sale, are set out in the complaint.   The prayer of appellants was that the sale to the state be canceled and set aside; that the conveyance of the state to the appellees be set aside; that the title of appellants be quieted and confirmed; and for other general and proper relief.

The appellees filed a demurrer to the complaint on the ground that same did not state facts sufficient to constitute a cause of action, or to give a court of equity jurisdiction.   Later the complaint was amended, so as to show that the appellees were in possession of the lands.   A motion to transfer the case to the circuit court was filed and granted.   When the case reached the circuit court it was transferred back to the chancery court; and there was filed in the chancery court what was styled a "Substituted Complaint in Equity."   This complaint contained the same alleged defects as to title set out in the original complaint, the prayer being the same as that contained in the original complaint.   This amended complaint was filed September 30, 1936.   It contained an allegation that Roy Adroin Stane, one of the appellants, was an heir at

law of the late John Stane, deceased; and that he was, at the time of the filing of the substituted complaint, only twenty-one years of age.

Later, an amendment was filed by appellants to their complaint in which it was alleged that Nelanee Stane Reynolds was a minor at the time the lands were sold for nonpayment of taxes; and that suit was filed within the time permitted by the statute to redeem from the alleged void tax sale.

Later, the cause was heard upon the demurrer and motion to dismiss, said motion having been filed in pursuance of the statute requiring the tender of taxes and costs and the value of improvements before one is permitted to maintain an action for the recovery of lands sold for nonpayment of taxes. Pope's Digest, § 4663.

Upon a hearing on the demurrer and motion to dismiss the court dismissed the complaint. The record is not clear as to whether the order of dismissal was based upon action of the court in sustaining the demurrer or in granting the motion to dismiss.

The action of appellants was not one for the recovery of lands. The prayer of the complaint showed that appellants asked nothing other than that the sale to the state for the delinquent taxes of the year 1927 be declared void, and that the deed from the state to appellees based upon said tax sale, likewise be declared void, and that same be canceled and title be quieted in them. There was no prayer for the recovery of the lands or the possession thereof.

For reversal of the decree of the court below, it is insisted that appellants were not required to comply with the provisions of § 4663, Pope's Digest, by making tender of taxes paid and value of improvements made, and were not, therefore, required to file the affidavit setting forth that they had tendered to the appellees the amount of the taxes and costs, with interest thereon, together with the value of all improvements made after the expiration of the period allowed for redemption of the lands involved in the suit. This section reads as follows: ''No person shall maintain an action for the recovery of any lands, or for the possession thereof, against any

person who may hold such lands by virtue of a purchase thereof at a sale by the collector, or Commissioner of State Lands, for the nonpayment of taxes, or who may have purchased the same from the state by virtue of any act providing for the sale of lands forfeited to the state for the nonpayment of taxes, or who may hold such lands under a donation deed from the state, unless the person so claiming such lands shall, before the issuing of any writ, file in the office of the clerk of the court in which suit is brought an affidavit setting forth that such claimant hath tendered to the person holding such lands in the manner aforesaid, his agent or legal representative, the amount of taxes and costs first paid for said lands, with interest thereon from the date of payment thereof, and the amount of taxes paid thereon by the purchaser subsequent to such sale, with interest thereon, and the value of all improvements made on such lands by the purchaser, his heirs, assigns or tenants, after the expiration of the period allowed for the redemption of lands sold for taxes, and that the same hath been refused.''

This section of the statute was construed in the case of *Anthony* v. *Manlove,* 53 Ark. 423, 14 S. W. 624, where it was referred to as § 2649, Mansfield's Digest, and Judge HEMINGWAY, there speaking for the court, said: ''Being penal in its nature, it should be strictly construed. . . . The meaning of the statute should not be extended beyond its letter.''

This court in the case of *Beloate* v. *State ex rel., Attorney General,* 187 Ark. 17, 58 S. W. 2d 423, cited the case of *Anthony* v. *Manlove, supra,* approving the above-quoted holding. In the Beloate case, the court held that the above-quoted section of the statute, requiring tender or payment of taxes and value of improvements before suing to recover lands sold for taxes from a tax purchaser, or from one who may hold under a donation deed from the state, should be strictly construed as penal in its nature; and that said section may not be invoked by one in possession under a donation certificate merely.

In the Beloate case, the suit being one to cancel a donation certificate based upon a void tax sale, the court

said: "If the cross-complainant shall establish the allegation that the tax sale was void, the court would, no doubt, ascertain the value of any improvements made upon the land by the donee by virtue of his certificate of donation under § 10120, Crawford & Moses' Digest (§ 13884, Pope's Digest), and require the payment thereof as a condition upon which a writ of possession might issue."

Again, in the case of *Wilkins* v. *Maggard,* 190 Ark. 532, 79 S. W. 2d 1003, the court, referring to the betterment act (§ 4658, Pope's Digest) and the revenue act (§ 13884, Pope's Digest), said: "It is manifest from the provisions of the acts just referred to that the Legislature had the intent and purpose of affording betterments for improvements effected upon lands to two classes of persons, namely: First, under the act of March 8, 1883, to all persons who held lands under color of title and effected improvements thereon in good faith; secondly, under the act of March 31, 1883, to all occupying tax title claimants who effected improvements subsequent to two years after sale of land for nonpayment of taxes thereon irrespective of color of title and regardless of his belief in the integrity of his tax title." Citing, *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 180, 241.

In the case of *Wilkins* v. *Maggard, supra,* the trial court had determined that Maggard, the appellee, had expended $2,319 in effecting valuable and permanent improvements and held that she should be reimbursed therefor, and denied to appellant a writ of possession until the said sum was paid. This court held that said sum adjudged for betterments came within the teeth, and especially within the spirit, of the betterment statute above referred to, § 13884, Pope's Digest; and further held that the trial court was correct in denying a writ of possession to appellant until said sum was paid.

Again, in the case of *Lea* v. *Lewis,* 189 Ark. 307, 72 S. W. 2d 525, this being a suit to cancel a void tax deed, this court said: "Since this is not a suit for recovery of land nor the possession thereof, the affidavit provided for in § 3708, Crawford & Moses' Digest (§ 4663, Pope's Digest) was not required, and the court erred in sustaining the demurrer and dismissing the complaint."

In the case last cited, the court further said: "Of course, the original owner is required to tender and pay the taxes, but he is not required to file an affidavit of tender."

By reference to § 4663, Pope's Digest, it will be seen that the section was intended to apply only in cases for the recovery of lands or for the possession thereof; and since we have held that this section of the statute, being penal in its nature, should be strictly construed, and that its meaning should not be extended beyond its letter, we hold that the statute is not applicable in cases other than those for the recovery of lands or for the possession thereof. However, this does not mean that a purchaser at tax sale or one whose title depends on a void tax deed is not entitled to recover for taxes and the value of improvements, the tender of which is required in actions for the recovery of lands or the possession thereof by the above section. For, in every instance, regardless of whether the tax sale is void and regardless of the tax purchaser's lack of belief in his title, he is entitled to recover such taxes and value of improvements as a condition upon which a writ of possession will issue. In cases where the lands are not in the actual possession of the person or persons against whom suit is brought to cancel the tax title, it is proper for the court to ascertain the amount of the taxes and the value of the improvements, if any, which the statute requires shall be paid and to render judgment for same, declaring the judgment a lien on the lands involved.

In the recent case of *Security Products Company* v. *Booker, ante* p. 843, 115 S. W. 2d 870, this court said:

"The lower court found that the cost of the deed from the State Land Commissioner, together with the value of certain improvements made by appellant, amounted to $800, and declared the same a lien on the land, and directed the sale thereof if this sum were not paid. This was, of course, proper."

As hereinabove stated, the complaint contained an allegation that Roy Adroin Stane, one of the appellants, was an heir at law of the late John Stane, and, as such, that he was entitled to redeem the lands involved in this

suit; and that he was, at the time of the filing of the substituted complaint, only twenty-one years of age.

In the case of *Harris* v. *Harris,* 195 Ark. 184, 112 S. W. 2d 40, this court held that the right of redemption is available in all cases within the time allowed by law, not only where the tax sale was defective, but where it was regular and valid. In that case, the court further held that an infant owner of one twenty-eighth interest in land sold to the state for taxes had a right to redeem from a purchaser from the state within two years after reaching his majority, as authorized by § 13860, Pope's Digest; and further held that he was entitled not only to redeem his one twenty-eighth interest, but the interest of all owners in the property, although he would not thereby acquire full title to the land.

It was alleged in the amended complaint that the said Roy Adroin Stane was the owner of an undivided one-fifth interest in the lands, the title to which is involved in the suit. If the allegation that he was only twenty-one years of age at the time of the filing of the amended complaint is true, then, under the last abovementioned section of the statute and under the holding of the court in the last above-cited case, he would have a right to redeem not only his interest, but the interest of all others in said lands. Of course, in doing so it would be necessary for him to pay an amount of money equal to the taxes for which such lands were sold, together with penalty and costs, with the taxes added which the purchasers had subsequently paid, with interest on the whole amount and value of improvements, if any.

If all the allegations of the complaint are true, and the general demurrer admitted the truth of each and all of these allegations, the complaint stated a cause of action; and if the trial court sustained the general demurrer, and because thereof dismissed the complaint, this was error. On the other hand, if the trial court sustained the motion to dismiss for failure to file the affidavit of tender of taxes and value of improvements, the court was in error.

It follows from what we have said that the court was in error in dismissing the complaint. The decree of the

court is reversed; and the cause is remanded with directions to overrule the demurrer and motion to dismiss, and for further proceedings not inconsistent with this opinion.