PAGE *v.* FRANCIS.

4-5181

120 S. W. 2d 161.

Opinion delivered October 10, 1938.

*Mayes & Mayes,* for appellant.
*Sullins & Sullins,* for appellee.

MEHAFFY, J. Appellant filed in the Washington circuit court the following motion to vacate and set aside sheriff's sale of homestead:

"On this day comes the plaintiff, C. W. Page, and moves the court to vacate and set aside the sale of the lands described below to the defendants, said sale having been made by the sheriff of Washington county, Arkansas, on the ............................ day of ................................, 1936, to-wit: Southwest quarter of southwest quarter, section fifteen, east half of southeast quarter, section sixteen, northeast quarter of northeast quarter, section

twenty-one, all in township thirteen north, range twenty-eight west, containing one hundred and six acres. And plaintiff moves the court to vacate and set aside the said sale for the following reasons:

"1. That in the judgment against the plaintiff herein and in favor of the defendants, the court declared a lien upon the said lands when the court was without jurisdiction to do so, and your plaintiff says said purported lien was of no effect and void.

"2. That prior to the sale of said lands by the sheriff of Washington county, Arkansas, plaintiff filed in the office of the circuit clerk of Washington county, Arkansas, his claim of homestead exemption in and to said lands and served a certified copy of same on the sheriff before the said sale.

"3. That said sale is void for the further reason that the homestead of any citizen or resident of the state of Arkansas, is exempt from sale or execution out of any court except for taxes and specific liens.

"Wherefore plaintiff prays that said sale be vacated and set aside, and all the rights of the defendants under the same be held void and of no effect."

The appellee filed demurrer to the motion to set aside the sale, and thereafter filed response to the motion to vacate, denying all the allegations set forth in the motion, and also alleged that the lien was declared for improvements, and that appellant is not entitled to claim homestead, and that the court was without jurisdiction.

Appellant then gave notice and filed schedule of his exemptions before the clerk. The clerk declined to pass on appellant's right to exemption. The appellant appealed from the order of the clerk, and the circuit court found: that the real estate had never been impressed as a homestead as required by law: that the lien for improvements for which said real estate was sold is prior and superior to any rights of the plaintiff. The court sustained the demurrer and denied appellant's right to homestead.

The following agreement was introduced in evidence:

"It is agreed by and between the parties to this action that the plaintiff, Page, filed a suit in the circuit

court against the defendant, Francis, for the possession of the lands involved, which Francis was then occupying under a donation certificate, issued by the Land Commissioner, of the state of Arkansas, Page having been permitted to redeem from said sale under an act of the legislature, and which he did, and which right was conceded by Francis in the circuit court, Francis having filed a cross-complaint for the value of the improvements placed on the land by him under said donation certificate prior to the time it was redeemed by Page, and that in said suit on his complaint, Page was awarded possession of the land involved, and on Francis' cross-complaint, he was awarded the sum of $300 for improvements, and a lien declared on the land for said amount, by the circuit court, and that an execution was sued out by Francis, the sheriff levied on the lands involved, and sold the same, at which sale Francis became the purchaser, and the record shows that Page, the plaintiff, redeemed said land from tax forfeiture, on April 9, 1934, and that the suit heretofore referred to was filed in this court November 23, 1935.''

The facts in the case mentioned in the agreement are set out in that case, which is *Page* v. *Francis,* 194 Ark. 1155, 109 S. W. 2d 440. We do not set out the evidence on the question of homestead for the reason that whether the land involved constitutes a homestead is immaterial. As shown by the agreement, Page filed a suit in the circuit court against Francis for the possession of the lands. Francis was occupying the premises at the time under a donation certificate. The legislature had passed an act under which Page was entitled to redeem. Francis conceded that under the act of the legislature Page had a right to redeem, but filed a cross-complaint for the value of the improvements placed on said land by him under said donation certificate, and prior to the time it was redeemed by Page. In other words, while Francis was holding the land under donation certificate, he placed the improvements on the land before Page redeemed it. It was held in the case of *Page* v. *Francis, supra,* that Page was entitled to redeem but Francis was entitled to the value of the improvements, and a lien was declared on the land for

the amount of the improvements. The land was sold under execution, and Francis became the purchaser. Page appealed that case to this court and the judgment was affirmed. In that case Page did not claim that the land was his homestead.

Appellant cites and relies on art. 9, § 3 of the Constitution of the state of Arkansas, which provides: "The homestead of any resident of this state who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity."

It will be observed that the constitution does not exempt property where there are specific liens, laborers' or mechanics' liens for improving the same, or for taxes. Section 13884 of Pope's Digest reads as follows: "No purchaser of any land, town or city lot, nor any person claiming under him, shall be entitled to any compensation for any improvements which he shall make on such land, town or city lot, within two years from and after the sale thereof, for improvements made after two years from the date of sale the purchaser shall be allowed the full cash value of such improvements, and the same shall be a charge upon said land."

This property was sold for taxes. To be sure, it went to the state, but it was for taxes, and the appellee donated the land and was holding under a donation certificate when he made the improvements. While it was conceded that the appellant, when he brought his suit for possession of the land, was entitled to redeem under an act of the legislature, the person making the improvements under the donation certificate had a right under the statute in force at that time, to recover the value of the improvements made.

Section 13884 above quoted allows the purchaser of land to recover the cash value of the improvements, and also provides that the same shall be a charge upon said land. That means a lien on the lands.

We recently said: "If the cross-complaint shall establish the allegation that the tax sale was void, the court would, no doubt, ascertain the value of any improvements made upon the land by the donee by virtue of his certificate of donation under § 10120, Crawford & Moses' Digest, and require the payment thereof as a condition upon which a writ of possession might issue. This section provides that for improvements made after two years from the date of the tax sale 'the purchaser shall be allowed the full cash value of such improvements, and the same shall be a charge upon the land.' This section has been construed to give the tax purchaser the right to make improvements without exacting the showing of belief in the integrity of his title which is required by the Betterment Act." *Beloate* v. *State ex rel., Atty. General,* 187 Ark. 17, 58 S. W. 2d 423.

Under § 13884, *supra,* one who purchases or donates land, as the appellee did in this case, is given a specific lien for the improvements. This lien was enforced in the first case between the parties, judgment was rendered, and a lien was declared.

A lien gives the creditor the right to enforce his claim against specific property. The manner of enforcement is provided, not by the constitution, but by the legislature. The law was strictly complied with in the first case, and the lien declared under § 13884, *supra.*

We find no error, and the judgment is affirmed.