ANDERSON v. ODOM, GUARDIAN.

4-5490                                              128 S. W. 2d 993

Opinion delivered May 29, 1939.

*E. A. Williams,* for appellant.

*Edw. Gordon,* for appellee.

GRIFFIN SMITH, C. J. Appellee was a tenant in common with others, each owning a one-sixth interest in forty acres of land inherited from their father. The property forfeited in 1920 for non-payment of state and county taxes. In 1933 title was confirmed in the state under authority of Act 296 of 1929.

Collier Anderson and another, in 1937, purchased the state's interest. After recording their deed they

brought ejectment. Appellee, Carl Odom, as guardian for Coetha Odom, intervened. The cause was transferred to chancery. The agreed statement shows that James Odom, common ancestor, and appellee and cotenants, have been in possession of the property for more than forty years, and that Coetha Odom has been insane from birth.

The guardian offered to redeem the entire tract; to pay interest, costs, etc. Appellants admitted the ward's right of redemption as to a one-sixth interest, but insisted that the right did not extend to the five-sixths owned by the other heirs. There was a decree permitting the guardian to redeem the entire tract, from which comes this appeal.

Act 296 of 1929 provides that "The decree of the court confirming the sale to the state shall operate as a complete bar against any and all persons who may hereafter claim said land in consequence of any informality or illegality in the proceedings; and the title to land shall be considered as confirmed and complete in the state forever.; saving, however, to infants, persons of unsound mind, imprisoned beyond the seas, or out of the jurisdiction of the United States, the right to appear and contest the state's title to said lands within one year after the disability may be removed."

Appellee's claim is not based upon any informality or illegality in the sale to the state, or in the confirmation of title. Four years elapsed between confirmation and purchase by appellants from the state, during which time appellee did nothing.

We think the case of *Harris* v. *Harris*, 195 Ark. 184, 112 S. W. 2d 40, is controlling here. While it is true that in the Harris Case there had been no confirmation, yet the confirmation statute expressly reserves to persons under disability the right to redeem within a year after such disability has been removed.

In the case just referred to it was said: "We conclude, therefore, that the proper construction of our redemption statute not only permits, but requires a co-

tenant who wishes to redeem any portion of a tract, where the taxes thereon have been assessed *in solido*, to redeem the entire tract."

Reasons for this rule are clearly set out in the opinion in the Harris Case. See, also, *Reynolds* v. *Plants*, 196 Ark. 116, 116 S. W. 2d 350.

The decree is affirmed.