MITCHELL v. CHESTER.

4-7647                                    187 S. W. 2d 899

Opinion delivered May 21, 1945.

782

*Bates, Poe & Bates,* for appellant.

*Charles I. Evans,* for appellee.

HOLT, J. Four tracts of land in Scott county are involved here. On March 25, 1942, appellant, W. S. Mitchell, filed suit to confirm title to the property which he alleged he had obtained at a tax sale in June, 1931.

Appellee, Carl W. Chester, a minor, by his mother, Clyde Chester, on November 19, 1942, intervened in the suit by filing a motion to redeem the land from the tax sale, and to recover for rents and the value of all timber

cut and sold by appellant and for damages. During the pendency of the suit, appellee became of age, and the cause proceeded in his name. Appellant responded to appellee's motion to redeem in which he denied every material allegation therein and also pleaded as a defense, laches of appellee, of cotenants and interested parties.

Upon trial, the court found the issues in favor of appellee. We quote from the decree: "The court finds that Carl W. Chester is entitled to redeem the lands here involved; that he is entitled to recover of W. S. Mitchell one thousand dollars, the value of timber sold by him on July 31, 1942, and one hundred dollars for rent of place for 1943; Mitchell is entitled to recover taxes paid with 10 per cent on each payment from the date thereof till offer to redeem amounting to $374.41, and he is also entitled to $197 for betterments. Carl W. Chester is entitled to decree for $528.59 plus six per cent from July 31, 1942, to date, amounting to $72.85, or a total of $601.44," and decreed accordingly.

This appeal followed. Appellee has cross-appealed from that part of the decree "allowing appellant to recover for repairs as alleged betterments."

For reversal, appellant argues here that: "(1) The Chancellor erred in finding the appellee, Carl W. Chester, an alleged owner as a tenant in common by inheritance of undivided one twenty-eighth (1/28th) interest, was entitled to recover of the appellant, W. S. Mitchell, the entire value of all the timber sold instead of his proportionate share; (2) The Chancellor erred in finding the appellee, Carl W. Chester, under the facts and circumstances of this case, could redeem the interest of his adult sister, brothers, aunts and uncles as well as his interest; (3) The Chancellor erred in finding the appellee, Carl W. Chester, was entitled to recover rent, or, at the most, only a proportionate part of the rent based upon his interest; and (4) The Chancellor erred in holding the appellee, Carl W. Chester, was not barred by the decree of confirmation entered herein, because he failed to proceed under the statute to vacate the decree."

The material facts appear not to be in dispute.

On January 1, 1928, Mrs. Alice Chester died at Waldron, Arkansas, owning the tracts of land here involved. Whether she was survived by five children, as stated by appellee, or seven as asserted by appellant, is immaterial in view of the conclusions we have reached. One of these surviving children was A. W. Chester, who died on March 10, 1929, leaving surviving a widow, and four minor children, the youngest child being the appellee, Carl W. Chester, who was born November 19, 1922. The land was forfeited to the State for the 1930 taxes and was sold on June 8, 1931, to appellant, and as noted, the present suit by appellant to confirm his title was filed March 25, 1942, and there was a decree of confirmation on June 26, 1942. Thereafter, on July 31, 1942, appellant sold the timber on the land for $1,000 and he also received $100 for the 1943 rent.

Appellant earnestly insists that the court erred in permitting appellee to redeem the interests of all cotenants, or interested parties, along with his own interest. We think this contention, however, clearly untenable.

Here, appellee, a minor, well within the redemption period of two years allowed him under the provisions of § 13860 of Pope's Digest, after reaching his majority, by proper procedure, sought to redeem the land from the tax sale and in doing so, we have many times held, he not only redeemed the land for himself, but for all interested cotenants, although he (appellee) would not acquire the full title to the land.

In *Reynolds* v. *Plants*, 196 Ark. 116, 116 S. W. 2d 350, this court said: "In the case of *Harris* v. *Harris*, 195 Ark. 184, 112 S. W. 2d 40, this court held that the right of redemption is available in all cases within the time allowed by law, not only where the tax sale was defective, but where it was regular and valid. In that case, the court further held that an infant owner of one twenty-eighth interest in land sold to the State for taxes had a right to redeem from a purchaser from the state within two years after reaching his majority, as authorized by

§ 13860, Pope's Digest; and further held that he was entitled not only to redeem his one twenty-eighth interest, but the interest of all owners in the property, although he would not thereby acquire full title to the land," and in *Smith* v. *Pettus, Curator,* 205 Ark. 442, 169 S. W. 2d 586, we said: "In the case of *Reynolds* v. *Plants,* 196 Ark. 116, 116 S. W. 2d 350, it was held that a minor co-tenant owning a one-fifth interest in land forfeited for taxes might redeem for all the owners of the land, and in the recent case of *Anderson* v. *Odom,* 198 Ark. 443, 128 S. W. 2d 993, it was held that a minor co-tenant might, in spite of the fact that the title of the state had been confirmed by suit in chancery court, redeem the entire interest in the tract of land from the purchasers from the state." In *Bradbury* v. *Johnson,* 104 Ark. 108, 147 S. W. 865, Ann. Cas. 1914C, 419, it was held: (Headnote 2) "The right of a minor to redeem his land from a tax sale is absolute, and the provisions of the statutes are to be liberally construed to effectuate its purpose in preventing a permanent forfeiture of the estate of a minor."

Appellant next argues that appellee was not entitled to recover the full amount received by appellant for the timber and the 1943 rent, but only his (appellee's) proportionate part thereof, which, says appellant, would be 1/28th interest. We cannot agree with this contention. We must bear in mind that whatever rights appellee has are derived from the statute and must therefore depend upon the construction to be placed upon § 13860 *supra,* the last two paragraphs of which were added by Act 302 of the Legislature of 1923. This § 13860, as amended, is as follows: "Period for redemption. All lands, town or city lots or parts thereof, which may hereafter be sold for taxes at delinquent sale, under the laws of this State, may be redeemed at any time within two years (2) from and after the sale thereof; and all lands, city or town lots, belonging to insane persons, minors or persons in confinement, and which have been or may hereafter be sold for taxes, may be redeemed within two (2) years from and after the expiration of such disability.

"And in redemption of such property by any person after the expiration of such disability the purchaser shall be required to account for all timber, gas, oil or mineral substances taken from the land while holding under such tax title and to protect the rights of any person under disability as above provided, and persons desiring to take any timber, gas, oil, or mineral substances from any land held under tax title, within ten (10) years after the sale for taxes, shall first execute a bond in sufficient amount to cover the substances to be removed, with good and sufficient sureties, conditioned that the holder of such land will pay for all substances removed from the land in case the same is redeemed under the provisions of this section.

"Such bond shall be filed with and approved by the clerk of the county court in the county where the property is located. Any person removing timber, gas, oil or mineral substances from any land contrary to the provisions of this act and without first executing the bond provided for shall be guilty of a misdemeanor and shall be fined in any sum not less than twenty-five ($25) dollars and not more than double the amount of the substances removed. Provided, that persons may remove timber from lands cleared in good faith for cultivation without becoming liable to the penalty provided in this Act."

We think it was clearly the intention of the Legislature, in enacting this section of the statute, to authorize a minor not only to redeem for the benefit of all cotenants, or interested parties, but also to recover the full amount for timber sold from the land and also the rent. It will be noted that the act specifically provides that "in redemption of such property by any person after the expiration of such disability the purchaser shall be required to account for all timber, . . . taken from the land while holding under such tax title, etc." The purchaser is thus required to account for all, and not just for the minor's share.

The act further provides that should any one desire to take timber from land held under a tax title "within ten (10) years after the sale for taxes, shall first execute

a bond in sufficient amount to cover the substances to be removed, . . . 'and' conditioned that the holder of such land will pay for all substances removed from the land in case the same is redeemed under the provisions of this section.''

The tax purchaser cut and disposed of the standing timber which was a part of the freehold at the time, during the ten-year period, at his peril. He was charged with knowledge of appellee's right to redeem and had given no bond as the statute required.

While it is true that appellee's cotenants are not in fact parties to the present suit, we point out, that on the record presented, the effect of our holding here on the whole case, is that appellee is held to have redeemed not only the land in question for the benefit of all, but also redeemed, or recovered, the proceeds from the sale of the timber in question, and the rent for 1943, for the benefit of all, and now stands in the position of a trustee for his cotenants as to the proceeds from the timber and rent.

We are also of the view that appellant's contention that appellee is barred on account of laches of his cotenants, is untenable for the reason that appellee's interest in this land, or his ownership of an interest therein, attached on the death of his father, March 10, 1929, which was prior to the tax forfeiture of the land in 1930, and its sale to appellant on June 8, 1931, and the plea of laches does not affect the minor's rights in the circumstances here.

On appellee's cross-complaint, it suffices to say that we think the finding of the trial court to the effect that appellant was entitled to recover $197 expended by appellant in the nature of betterments is not against the preponderance of the testimony. While it appears that a part of this amount was spent in the nature of repairs, the entire amount was not so used, but was in the nature of betterments, all of which tended to enhance the value of the land. In *Greer* v. *Fontaine,* 71 Ark. 605, 77 S. W. 56, this court in determining what is meant by the measure of the value of betterments, approved the following

definition from Bouvier's Law Dictionary: "The measure of the value of betterments is not their actual cost, but the enhanced value that they impart to the land, without reference to the fact that they were desired by the true owner, or could not be profitably used by him," and in *Crowell* v. *Seelbinder,* 185 Ark. 769, 49 S. W. 2d 389, 83 A. L. R. 788, this court said: "The value thereof is based upon the enhanced value which these improvements, at the time of the recovery, impart to the land. The cost of the repairs should not, therefore, have been allowed as a separate item, but should have been considered in conjunction with other testimony tending to show the extent to which the cost of these repairs had enhanced the value of the land."

Accordingly, the decree, with the modification, as herein noted, is affirmed on direct appeal. On cross-appeal, the decree is affirmed.

McFADDIN and MILLWEE, JJ., dissent in part.