## Shell et al. vs. Martin.

A Court of chancery is the only forum qualified, under our system of jurisprudence, to afford relief where another person has obtained a deed for a party's land, which it is against conscience for him to use or enforce, and which operates as a cloud upon the owners's title.

The complainants filed a bill in equity to cancel an auditor's deed, executed to the defendant, for a tract of land returned by the collector forfeited for non-payment of taxes, setting out their title and alleging that the taxes were actually paid for the year when the land was returned forfeited, and that the collector had made a fraudulent return: praying that their title be quieted, that the defendant yield possession, and for rents and profits: on demurrer, the Circuit Court dismissed the bill for want of equity: *Held,* That the Court erred.

*Appeal from the Circuit Court of St. Francis county in Chancery.*

The Hon. George W. Beazley Circuit Judge.

Watkins & Gallagher, for the appellants.

Mr. Justice Hanly, delivered the opinion of the Court.

This was a bill brought, by the appellants, against the appellee, in the St. Francis Circuit Court, charging in substance that the ancestor of the complainants, at an early day, long anterior to the year 1838, became the owner in fee of the Northeast quarter of section No. 19, in township No. 5 north, range No. 4 east, situate in St. Francis county and containing as per the public surveys, 150 75–100 acres—that from the time the complainants' ancestor got title to, and became possessed of, this tract of land, until long posterior to the year 1838, the taxes due on the same were regularly paid thereon—that the ancestor of the complainants departed this life, leaving them his sole and only heirs at law—that since his death in 1841, complainants

understood and were informed that said land became and was forfeited to the state for non-payment of taxes due thereon in 1838—that complainants are informed defendant claims to have title to said land by virtue of and under an Auditor's deed made to her on the 22d day of January, 1852, reciting therein the forfeiture of such land to the State in 1838—The bill further charges that the taxes, due on the land in question the year it purports to have been forfeited to the State, were paid, and avers that the taxes were always paid on such tract from the time it first became taxable until it was omitted to be assessed for taxation— that the defendant has possession of the land in question and claims to own and hold it under her auditor's deed of 22d Jan'y, 1852—that her possession commenced about the date of her deed and has continued up to the exhibition of the bill. The bill further charges that the return of the land forfeited to the State in 1838, by the collector of St. Francis county, was a fraud practiced by him on the State and complainants, and was not authorized nor warranted by the facts; charging moreover that the auditor's deed to the defendant embarrasses the title of the complainants to the tract of land, and serves to cloud and obscure their title to the same. Exhibits of complainants' title papers are made in the bill; special prayer that the deed from the auditor to the defendant, under date 22d January, 1852, may be declared absolutely void—that it be canceled—that defendant be perpetually enjoined from setting up any title thereunder, or holding it as a cloud upon the title of complainants—that defendant be decreed to yield possession of the premises to the complainants, pay rents and profits, etc., and the usual prayer of general relief.

The defendant appeared and interposed her demurrer to the complainants' bill, setting out the following special grounds:

1. Because the bill shows on its face, that if complainants are entitled to recover the land sued for at all, they could have full and adequate relief in a court of law.

2. Because the bill shows on its face, that the right of said complainants to recover is barred by the statute of limitations.

3. Because the bill shows on its face, that the defendant and those under whom she claims have been in possession of the land by virtue of an auditor's deed since the 22d January, 1852.

4th. Because there is no equity, etc.

It appears from the transcript this demurrer was sustained, for the 1st and 4th grounds assigned, and overruled as to the others. A decree was rendered dismissing the bill, and giving costs against the complainants. They appealed to this court and insist here, that their bill should not have been dismissed.

The only questions on the record are those presented by and arising on the demurrer. We propose to consider them *seriatim*.

1. The scope of the bill was certainly misunderstood by the court below, for it is evident to our minds that its design was to secure to the complainants more than a simple recovery of the land in question and compensation by way of rents and profits. It is eminently a bill in the nature of that class technically called *quia timet*. It prays that a certain deed, which the defendant holds to the land in question, may be given up to be canceled, for the reason that it operates as a cloud upon the title of the complainants. It is obvious that the jurisdiction, exercised in cases of this sort, is founded upon the administration of protective or preventive justice. The party is relieved upon the principle, as it is technically called, *quia timet*; that is, for fear that such deed may be vexatiously or injuriously used against them when the evidence to impeach it may be lost: or that it may throw a cloud or suspicion over their title or interest. In this point of view there can be no doubt but that a Court of Chancery is the only forum qualified, under our system of jurisprudence, to afford the complainants the relief desired. A Court of law certainly could not, for it is the province of the common law Courts to administer remedial or compensative justice only. The powers of these Courts are not put into action until after a right has been invaded or a wrong committed, whilst chancery reaches out its hands and stays wrongs, prevents injuries and protects the threatened invasion of rights.

The same view is thus more perspicuously expressed by Judge Story:

" But whatever may have been the doubts or difficulties formerly entertained upon this subject, they seem by the more modern decisions to be fairly put at rest; and the jurisdiction is now maintained in the fullest extent. And those decisions are founded on the true principles of equity jurisprudence, which is not merely remedial, but is also preventive of injustice. If an instrument ought not to be used or enforced, it is against conscience for the party holding it to retain it: since he can only retain it for some sinister purpose." See 2 *Story's Eq. sec.* 700; also *Hamilton vs. Cummings*, 1, *J. Ch. Rep.* 520, 524; *Hawkshaw vs. Parkins*, 2 *Swanst. Rep.* 546. *The Chautauque county Bank vs. White*, 6 *Barbour S. C. Rep.* 605; *Mitford Eq. Plea. by Jeremy* 128, 129 *and Notes; Piersole vs. Elliot*, 6 *Peter's Rep.* 95, 98.

We therefore hold that the Court below erred in having sustained the demurrer to the bill on account of the first ground stated.

2. This ground cannot be properly considered on the appeal of the complainants; for the reason that the Court below overruled the demurrer as to this ground. If there was an error committed in respect to this, the error was one of which it does not lay in the mouths of the appellants to complain, it being in their favor, and consequently did not operate to their prejudice. The only party, who had a right to complain of the ruling of the Court below in respect to this ground, seems, as far as the record shows, to be content with it, or she would have appealed with the view of attacking the decision. Not having done so we must presume the judgment of the Court below is acquiesced in by her.

3. And so in respect to this ground. This, with the second, was decided for the complainants. We forbear to express any opinion on the point of law involved in this ground, for the same reasons expressed in reference to the one just disposed of.

4. We have virtually disposed of this ground whilst considering the first one. The bill being considered confessed, for the

purposes of the demurrer, we feel no hesitancy in saying there is sufficient equity on its face to entitle the complainants to the special relief prayed for. We therefore hold as to this ground, as we have done as to the first, *i. e.* that the demurrer is not well taken on this ground.

'n consideration of the foregoing we hold there is error in the decree of the Circuit Court of St. Francis county in this cause, in this, that Court should have overruled the demurrer of the defendant to the complainants' bill as to the first and fourth grounds set out as above, and for this cause it is hereby reversed, and the cause remanded with directions to the Court to overrule the demurrer as to these grounds.

Absent, Mr. Justice Scott.