BURNS *v.* BEASLEY.

Opinion delivered December 17, 1906.

EQUITY—JURISDICTION.—Where a complaint in equity fails to state a cause of action, the defect in the court's jurisdiction may be supplied by an answer and cross-complaint asking equitable relief.

Appeal from Cleburne Chancery Court; *George T. Humphries,* Chancellor; affirmed.   •

The substituted complaint of Beasley and another against B. F. Burns and wife was as follows: That on and prior to the 7th day of June, 1898, one Robert F. Payne was seized in fee of the lands in controversy, holding under patent from the United States; that on said date said Payne departed this life, leaving as his sole heirs at law the plaintiffs, defendant Fannie Burns and Forest Payne, and that said Fannie Burns was and is the wife of B. F. Burns; that since the 5th day of May, 1903, the said B. F. Burns has been the owner of an undivided one-fourth interest in said lands by virtue of a purchase and deed of conveyance from said Forest Payne, one of said heirs of R. F. Payne, thereby becoming the co-tenant of the plaintiffs and Fannie Burns, his wife. That said B. F. Burns had been a tenant under lease of said R. F. Payne for about two years prior to his said death, and still so holds as tenant of the said co-tenants or tenants in common, and that said Burns as such tenant had never paid any rents since the death of said Payne as aforesaid, and prayed that, by the proper order and decree of the court, defendant B. F. Burns be required to account to the court for the rents and profits of said lands since the 7th day of June, 1898, and for waste committed, that a sale of said lands be made and the proceeds thereof be divided as the rights of the parties shall appear, or that the plaintiffs be placed in posses-

sion of their share of said lands upon a division thereof being duly made, which division was alternately prayed.

A motion to strike this complaint from the files because it was alleged that it was substantially the same as the original was overruled. Defendants excepted.

Defendant B. F. Burns answered the substituted complaint, and denied every allegation therein, and alleged that said land was sold on the 12th day of April, 1886, for the taxes due thereon for the year 1885; that he was the purchaser; that on the 14th day of April, 1888, the clerk of said county executed to him a tax deed for said three tracts of land; that later, on the 10th day of December, 1903, he delivered said tax deed to the county clerk, who issued in their stead three several deeds in lieu of said deed so surrendered, and files copies of said three deeds as exhibits; that he owned the interest of said Forest Payne in said land; and filed as exhibit the deed from said Forest Payne, dated May 5, 1903. He also pleaded the statute of limitation, and prays: "Wherefore, the premises seen, this defendant prays that defendant's title to said lands be forever quieted as against the plaintiffs in this cause."

The court found that plaintiffs were entitled to one-half of the land, and ordered that same be partitioned between the parties. Defendant B. F. Burns has appealed.

*W. L. Thompson,* for appellant.

1. Appellees having a complete remedy at law, the chancery court was without jurisdiction, and the cause should have been transferred to the law court, where the question of title could have been submitted to a jury. 48 Ark. 333. The answer of appellant B. F. Burns, though declared in equity, stated only a legal defense. 31 Ark. 345; 22 Ark. 591; Story's Eq. Pl. § 389. The question of possession can not be tried in an action for partition. 44 Ark. 334; 47 Ark. 235; 71 Ark. 545; 70 Ark. 432.

2. In an action for partition, the petitioner must show such an estate in possession as entitles him to receive rents and profits, and he will be denied such relief until his possession is shown. 40 Ark. 136. If the petitioner has been ousted, or his rights denied by an alleged co-tenant, his remedy is plain,

adequate and complete at law. *Id.* Possession by one claiming title by virtue of a recorded deed is presumed to be under such deed; and where the statute of limitations is relied on by one having possession under such claim of title, the burden is on the plaintiff to show that the possession was permissive and not adverse. 56 N. H. 357; 63 Tex. 184; 47 Ark. 469. See also 27 Ark. 92.

*George W. Reed,* for appellees.

1. The statutory regulations for the partition of land do not take away the original jurisdiction of chancery. 19 Ark. 233. In most matters for the purpose of taking an account equity courts exercise concurrent jurisdiction with the courts of law. 31 Ark. 345. The jurisdiction of chancery to quiet titles to real estate and to remove clouds from titles is exclusive. 19 Ark. 139; 22 Ark. 103; 24 Ark. 431. Where an action at law has been brought in equity, the error should be corrected by motion to transfer to the proper court. It is no ground for demurrer. 37 Ark. 286.

Where it appears on the face of a tax deed that several tracts of land were sold together for the taxes due on the whole, it is void, and casts no cloud on the owner's title. 30 Ark. 579. If the tax sale were valid, and Payne disseized by virtue of the sale, yet, subsequent to the execution of the tax deed, Payne acquired title by seven years adverse possession. 34 Ark. 534.

2. The statute of limitations does not apply in favor of appellant because he has never held adverse possession. Payment of taxes does not constitute adverse possession. 45 Ark. 81. Having intentionally or negligently misled the appellees, appellant is estopped to plead the statute, even if he had had adverse possession. 55 N. J. Eq. 583; 74 Ill. 405; 80 Ky. 309; 67 Ind. 503; 117 Ia. 268; 97 N. C. 148. When Burns purchased Payne's one-fourth interest, he became a co-tenant with his wife and appellees. Freeman on Cotenancy, § 160. And there can be no adverse possession by husband or wife where both occupy the same premises. 18 Am. St. Rep. 113; 106 Ia. 715; 156 Ill. 586; 125 Mo. 118; Rodgers, Dom. Rel. § 199. Nor could he claim adversely to his wife's co-tenants. 2 Wood on Lim. § 266; 61 Ark. 527.

.WOOD, J.   The answer of appellant Burns to the substituted complaint of appellees set up tax title and possession thereunder, and asked to have same quieted.   These allegations gave the chancery court exclusive jurisdiction, even if the substituted complaint failed to state a cause of action cognizable in equity. The court, having jurisdiction, properly retained the cause and determined the whole controversy. *Cockrell* v. *Warner,* 14 Ark. 345; *Shell* v. *Martin,* 19 Ark. 139; *Walker* v. *Peay,* 22 Ark. 103.; *Branch* v. *Hickman,* 24 Ark. 431; *Sale* v. *McLean,* 29 Ark. 612; *Radcliffe* v. *Scruggs,* 46 Ark. 96; *Crease* v. *Lawrence,* 48 Ark. 312; *Goodrum* v. *Ayers,* 56 Ark. 93.

The finding of the court in favor of appellees on the issue of fact as to the statute of limitations was sustained by the evidence.

Judgment affirmed.