JACKSON *v.* FRAZIER.

Opinion delivered November 21, 1927.

1. QUIETING TITLE—JURISDICTION OF EQUITY.—Equity jurisdiction to quiet title, independent of statute, can be invoked only by a plaintiff in possession holding the legal title.

2. EJECTMENT—SUIT TO QUIET TITLE.—An action by ejectment cannot be maintained under the guise of a suit in equity to quiet

title, the party in possession having a constitutional right to a trial by jury.

3. QUIETING TITLE—NECESSITY OF ACTUAL POSSESSION.—Possession in fact, as distinguished from constructive possession arising by virtue of legal title, is essential to proceedings in equity to quiet title.

4. QUIETING TITLE—REMEDY WHERE DEFENDANT IS IN POSSESSION.— Where the defendant in a suit to quiet title is in actual possession of the disputed strip of land, the plaintiff had an adequate remedy at law by action in ejectment, and must be left to such remedy.

Appeal from Sharp Chancery Court, Northern District; *A. S. Irby,* Chancellor; affirmed.

### STATEMENT OF FACTS.

This is a suit to quiet title to land brought by Mattie Jackson in equity against E. E. Frazier. Frazier filed an answer, in which he set up legal title in himself to part of the land described in the complaint, and alleged that he was in adverse possession of it.

Dr. J. R. Stockard and R. M. Jackson, the husband of the plaintiff, who acted as her agent in the purchase of the land described in the complaint, were witnesses for her. According to their testimony, Dr. Stockard purchased lots 2 and 3 in block No. 1, in Clayton Addition to the town of Hardy according to the plat of said addition on file, and directed that a deed be made in the name of his wife. Subsequently his wife conveyed the land by the same description to James P. Bristow. Bristow subsequently conveyed it to E. E. Frazier, the defendant. Lot 3 was described in the deed as being 100 feet wide and 200 feet long. Later a new deed was executed by Bristow and his wife to Frazier, and the land was described as lot 3 in block 1 of Clayton Addition to the town of Hardy as shown by the plat to said addition. The plaintiff owned all the other land in the forty-acre tract in which these two lots were situated, except one lot, which it is not necessary to refer to because it is not involved in this lawsuit. Lot No. 3 is the only one which is involved in the lawsuit. Both parties derive title from the same source.

After Mrs. Stockard was in possession of the land, her husband, as her agent, and the husband of Mattie Jackson, who was her agent, and Tom McCaleb, who professed to know where the boundary lines of lot 3 were, went upon the land and established the boundary lines thereof by monuments driven in the ground, and Bristow fenced in the lot along the boundaries agreed upon. It was understood between the parties that Bristow did not claim any land except that which was marked out as lot 3, and it was agreed that the fence erected by him should be the boundary line between his lot and the land belonging to the plaintiff.

E. E. Frazier was a witness for himself. According to his testimony, he purchased lot 3 in block 1 in Clayton Addition to the town of Hardy, and in the first deed the lot was described as being 100 feet wide by 200 feet long. Subsequently Frazier examined the plat to this addition and found that lot 3 was described in it as 217 feet wide by 762 feet long. The grantor, J. P. Bristow, then executed a new deed to E. E. Frazier, in which the land is described as lot 3 in block 1 of Clayton Addition to the town of Hardy, as shown by the plat of said addition. This deed was executed on the 27th day of September, 1924. Subsequently, and before this suit was brought, Frazier built a new fence on the line between him and the plaintiff so as to include within his boundaries a strip of land 217 feet wide and 762 feet long, as shown by the plat of Clayton's Addition to the town of Hardy, took possession of the land within his inclosure, and had possession of it at the time this suit was brought.

The chancellor found the issues in favor of the defendant, E. E. Frazier, and, to reverse that decree, the plaintiff, Mattie Jackson, has duly prosecuted an appeal to this court.

*John H. Caldwell,* for appellant.

*Sidney Kelley* and *McCaleb & McCaleb,* for appellee.

HART, C. J., (after stating the facts). The decision of the chancellor was correct.

This court has held that equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession holding the legal title. The reason is that, where the title is a purely legal one, and some one else is in possession, the remedy at law is plain, adequate and complete, and an action by ejectment cannot be maintained under the guise of a suit to quiet title. In such cases the party in possession has a constitutional right to a trial by jury. *Pearman* v. *Pearman,* 144 Ark. 528, 222 S. W. 1064; *Gibbs* v. *Bates,* 150 Ark. 344, 234 S. W. 175; and *Simmons* v. *Turner,* 171 Ark. 96, 283 S. W. 47.

These cases also hold that our statute relating to actions to quiet title have not changed the rule. These and many other cases decided by this court hold that possession in fact, as distinguished from that constructive possession which arises simply in virtue of legal title, is essential to proceedings under which suit is brought to quiet title. The reason is that the original jurisdiction of equity and our statutes on the subject were designed to afford relief to a class of persons who, being in peaceable possession of a tract of land, had no means of clearing their title to it by suit in due course of law. Where some one else is in actual possession of the land to which the title is sought to be quieted, it is evident that there is an adequate remedy at law. Hence in such cases the party will be left to his legal remedy.

It is true that, in the case at bar, the plaintiff claims to hold the legal title to the strip of land in controversy because of an agreement between herself and the then owners of lot 3, and she claims to have possession of the disputed strip of land by virtue of her possession of the rest of the land owned by her in the same forty-acre tract in which the disputed strip is situated. The defendant, however, claims that, as soon as he got his corrected deed giving him title to all of lot 3 in block 1 in Clayton Addition to the town of Hardy, as shown by the plat on file, he examined the plat, and extended his fence to the limits of his lot as described in the plat, and took possession of

all the land within the boundaries as shown by said plat. The land so inclosed by him included the strip of land in controversy in this suit. Thus it will be seen that Frazier had actual possession of this strip of land at the time the present suit was instituted by the plaintiff. Both parties claim the legal title to the strip of land, and, the defendant being in actual possession of it, the plaintiff had an adequate remedy at law, and, under our decisions, must be left to her legal remedy.

It follows that the chancellor should have dismissed the complaint for want of jurisdiction, and nothing in this opinion shall be construed as preventing appellant from suing at law to recover said lot 3 in block 1.

It follows that the decree of the chancellor must be affirmed.