ALLISON v. WILLIAMS.

4-4070

Opinion delivered December 16, 1935.

*Beloate & Beloate,* for appellants.

*Cunningham & Cunningham,* for appellee.

JOHNSON, C. J. On September 19, 1933, a default decree of foreclosure was entered in the Lawrence County Chancery Court, wherein Claud R. Williams, executor, was plaintiff and R. E. and Mollie Allison and others were defendants, by the terms of which decree certain described real estate, the property of the Allisons, was ordered sold. In obedience to this decretal order, the sale was duly made by the commissioner and subsequently was reported to and approved by the court. The plaintiff in the case was the purchaser. Thereafter in April, 1934, possession of the foreclosed premises not having been surrendered by the Allisons to the purchaser, a petition for a writ of assistance or possession was filed by the purchaser at the sale against those in possession of the premises. To this petition Mrs. Allison responded that her continued possession of the premises was lawful because of a contract of purchase consummated subsequent to the foreclosure sale and decree, and that therefore the chancery court was without jurisdiction to grant the relief prayed in the petition. The uncontradicted testimony adduced upon a trial of the petition for a writ of assistance was to the effect that, subsequent to the foreclosure decree and sale, the purchaser and Mrs. Allison entered into a written contract for the sale and purchase of the foreclosed premises, and that considerable acts and dealings were performed by the parties in furtherance thereof. Notwithstanding this uncontradicted testimony, the chancellor retained jurisdiction of the petition and granted the prayer thereof. In this reversible error was committed. The rule is universally accepted that a writ of assistance or possession will not lie against one who has acquired a new and independent right or title subsequent to the original litigation. See 5 C. J., § 6,

p. 1320, and cases there cited. Also see 2 R. C. L., § 4, pp. 729, 730.

The office of the writ of assistance has ever been confined, not only in this country, but in England as well, to lend aid to the original equity jurisdiction, and such writ can not be employed as a substitute for other common law or statutory actions. See authorities cited, *supra*.

The new right, if any, acquired by Mrs. Allison subsequent to the original litigation can be inquired into and about only in independent litigation instituted for that purpose, and we pretermit any discussion of the jurisdiction or the merits of the alleged rights. It suffices to say that the chancery court erred in granting the writ of assistance under the undisputed facts here considered.

Appellant also urges that the original proceedings in foreclosure were irregular in many particulars, and that these alleged errors should be reviewed on this appeal. This appeal was perfected in this court on August 2, 1935, or almost two years subsequent to the entry of the original foreclosure decree. Under repeated opinions of this court the foreclosure decree became final and conclusive between the parties and their privies long prior to this appeal. See cases cited in volume 4, title "Judgment," § 173, Crawford's Arkansas Digest.

For the error indicated the cause is reversed, and the petition for a writ of assistance is dismissed.