Fisk *v.* Magness.

4-4440

Opinion delivered November 30, 1936.

Appellants *pro se.*

*Cotton & Murray,* for appellee.

BUTLER, J. Appeal from the decree of the Marion county chancery court quieting title in the appellee to certain lands.

Appellee alleged in his complaint legal title in himself based upon a sale for taxes for the year 1927, a deed issued pursuant thereto, and mesne conveyances from the purchaser at the tax sale to himself. It was further alleged that appellants claimed some interest in the lands, the nature and basis of which was unknown to the appellee. He prayed that whatever interest appellants might have in the lands be canceled as a cloud upon his title, and that title be quieted and confirmed in him. Appellants answered denying that the appellee was in possession of the lands and alleging possession in themselves. They alleged that they had resided on the property for the last sixteen years and "are now in possession of said lands, and claim title thereto by adverse possession." Following this allegation was the prayer that appellee's petition be dismissed for want of equity, and that the appellants be discharged from the action with their costs.

To this answer a general demurrer was interposed which was sustained by the trial court, and, appellants, refusing to plead further, a decree was rendered against them adjudging to appellee the relief prayed.

In the case of *Pearman* v. *Pearman,* 144 Ark. 528, 222 S. W. 1064, this court declared the law as follows: "The equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession, unless his title be merely an equitable one. The reason is that, where the title is a purely legal one, and some one else is in possession, the remedy at law is plain, adequate and complete, and an action of ejectment can not be maintained under the guise of a bill in chancery. In such case the adverse party has a constitutional right to a trial by a jury." This was but a restatement of the

principles recognized by our earlier cases which are cited in that opinion. The last expression of the court is to be found in the case of *Jackson* v. *Frazier,* 175 Ark. 421, 299 S. W. 738, which is a reaffirmance of the rule quoted, *supra.*

Under the doctrine of those cases, the answer in the case at bar alleged a complete defense to appellee's action, and the trial court should have overruled the demurrer. For this error the decree is reversed, and the cause remanded with directions to overrule the demurrer, and determine the questions of fact presented by the answer.