PATTERSON *v.* McKAY.

4-5628

134 S. W. 2d 543

Opinion delivered November 13, 1939.

*C. T. Carpenter,* for appellant.

*Claude F. Cooper* and *T. J. Crowder,* for appellee.

BAKER, J. The appellant challenges the soundness of the decree of the chancery court wherein a tax sale and donation certificate were held invalid, and title was confirmed in appellee.

No fault is found in the declaration that the sale for taxes was not in substantial conformity to law. But appellant relies upon a charge that the court was without jurisdiction. The defendant in this action was in possession, and, on account of his possession, he pleaded a lack of jurisdiction in the trial court to grant any relief to the plaintiff, by first filing a motion to dismiss, which being denied, he pleaded the same fact of his possession as an answer. Appellant insists that this suit is one to quiet title, and that since appellee is not in possession he may not invoke the jurisdition of the chancery court. For the position taken the appellant insists the suit must be regarded as a statutory proceeding, provided for by § 10598, Pope's Digest, *et seq.* This is an erroneous conception of the intent and purpose of these statutes providing for the exercise of chancery jurisdiction to quiet

title to real property. A recognition that such statutes (Chapter 136, Pope's Digest) do not grant jurisdiction, but only establish a statutory method of exercising a jurisdiction already existing, prior to the enactment of the statutes mentioned, will make clear and understandable many seeming inconsistencies in decisions of the courts.

Plaintiff had pleaded his title showing a deraignment thereof entitling him to question the validity of the tax sale.

The defendant relies principally upon the case of *Jackson* v. *Frazier*, 175 Ark. 421, 299 S. W. 738. The language employed in the opinion presented for our consideration follows: "That equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession holding the legal title. The reason is that where the title is a purely legal one, and someone else is in possession, the remedy at law is plain, adequate, and complete, and an action by ejectment cannot be maintained under the guise of a suit to quiet title. In such case, the party in possession has a constitutional right to trial by jury."

It is asserted that the foregoing announcement is reaffirmed in *Fisk* v. *Magness*, 193 Ark. 231, 98 S. W. 2d 958.

In the cited authorities the proceedings amounted to an ejectment action filed in chancery. In the Fisk case the defense was adverse possession for a period of sixteen years. Certainly, this might not be treated as a cloud upon the title of the plaintiff. We agree with appellant that in no case wherein the action is purely a possessory one may courts of chancery be invoked.

The statutes, Chapter 136, Pope's Digest, instead of creating a new tribunal or conferring jurisdiction or enlarging jurisdiction already in being, provides for proceedings and merely point out or declare a method of employing or using a remedy under jurisdiction that already existed. The chancery courts provided for by our Constitution, art. VII, § 15, has not been and cannot be enlarged or diminished by legislative action. *Gladdish*

v. *Lovewell,* 95 Ark. 618, 130 S. W. 759; *Hester* v. *Bourland,* 80 Ark. 145, 95 S. W. 992; *Walls* v. *Brundidge,* 109 Ark. 250, 160 S. W. 230; Ann. Cas. 1915C, 980.

The last cited case is the best known to the public generally and arose out of the so-called Brundidge Primary Election Law, wherein it was provided that the results of primary elections might be contested in courts of chancery.

We do not offer a more extended discussion of this matter for the reason that we think the principle must be universally recognized.

We do not impair in any manner any announcement made in the cases cited, but the case at bar, and others of like kind, will be easily distinguishable from all those presented by appellant, as controlling authority on the propositions under consideration. The well-recognized principle that in any proceeding wherein a plaintiff seeks to gain possession of lands held by a defendant, the remedy is by ejectment, a purely legal method to obtain possession of the land in dispute, unless plaintiff's title is an equitable one, not cognizable in a law court.

If, however, the foregoing chapter on "quieting title" were repealed, jurisdiction would still exist and the power would remain in the chancery court to remove clouds upon titles.

In this case plaintiff has shown his chain of title, which authorizes him to invoke the aid of chancery to set aside or cancel a void tax sale as cloud thereon. Nothing was said in his complaint that indicated his action was to any extent possessory. He shows that he has a legal title, that there is an invalid tax sale which is a cloud thereon. The court certainly had the right to consider and act upon this petition.

It was held as early as 1860 that courts of chancery have jurisdiction to remove clouds of title from real estate, *Walker* v. *Peay,* 22 Ark. 103, citing *Shell* v. *Martin,* 19 Ark. 139. This was prior to enactment of Chapter 136, Pope's Digest.

We find in a case similar to this that where the plaintiff had filed a suit to quiet title and the defendant in

his answer set up his adverse possession by cross-complaint, it was held that equity nevertheless had jurisdiction. *Gaither* v. *Gage,* 82 Ark. 51, 100 S. W. 80.

In a somewhat recent case it is held that suit to cancel certain conveyances as clouds on title is purely of equitable cognizance, although plaintiff prayed for possession. *Sanders* v. *Flenniken,* 180 Ark. 303, 21 S. W. 2d 847. See, also, *Earle Improvement Co.* v. *Chatfield,* 81 Ark. 296, 99 S. W. 84, a case which is almost identical as to issues with the case at bar.

Another case, though somewhat ancient, makes clear the distinction in the purely equitable proceedings and a suit for possession. *Chaplin* v. *Holmes,* 27 Ark. 414.

It is, perhaps, very true that since plaintiff's title has been quieted some of the defenses, at least to a suit for possession, would be destroyed, yet that result or effect in no wise lessens the power of the chancery court to remove clouds from the title.

We call attention also to the case of *Reynolds* v. *Plants,* 196 Ark. 116, 116 S. W. 2d 350. This case makes the distinction in a proceeding for recovery of possession and one to cancel a cloud on the title.

In all cases where the question was squarely before the court, where the plaintiff sought merely the removal of a cloud, he has been allowed to proceed without making a tender of taxes or improvements where the defendant holds possession of the land under donation certificate. But the rule is different when recovery of possession is sought. *Beloate* v. *State ex rel.,* 187 Ark. 17, 58 S. W. 2d 423; *Wilkins* v. *Maggard,* 190 Ark. 532, 79 S. W. 2d 1003.

When the possessory action is begun many authorities cited by appellant will be applicable.

The conclusion necessarily follows that plaintiff was correct in choosing his remedy, and that defendant, the appellant here, is mistaken in asserting that the chancery court was without jurisdiction in this case, and, since that is the only question to be decided, defendant must fail.

Decree affirmed.