PATTERSON *v.* McKAY.

4-6309 150 S. W. 2d 196

Opinion delivered April 14, 1941.

242

*C. T. Carpenter*, for appellant.

*Claude F. Cooper* and *T. J. Crowder*, for appellee.

McHANEY, J. This action originally was one by appellee against appellant to cancel an alleged void tax sale and donation certificate. A decree granting the relief prayed was affirmed by this court November 13, 1939. *Patterson* v. *McKay*, 199 Ark. 140, 134 S. W. 2d 543. Thereafter, appellee filed a motion in the same case in the chancery court for a writ of assistance in which it was alleged that appellant is now and has been since the rendition of the original decree in possession of the 80 acres of land in controversy and refuses to surrender same to appellee wrongfully and unlawfully, "and in violation of the decree, holding said lands without claim or title or right of possession." Appellant demurred to this motion on the ground that the court had no jurisdiction to order the issuance of the writ; that the lower court and this court found and held that the original action was not for possession but only to remove a cloud on title; and that the action cannot now be converted into one of ejectment. The court overruled the demurrer, granted the writ of assistance as prayed and this appeal followed.

In so holding, we think the court fell into error. As said in the recent case of *Allison* v. *Williams*, 191 Ark. 976, 88 S. W. 2d 1001; "The office of the writ of assistance has ever been confined, not only in this country, but in England as well, to lend (lending) aid to the original equity jurisdiction, and such writ cannot be employed as a substitute for other common law or statutory actions."

It is well settled "that equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession holding the legal title. The reason

is that where the title is a purely legal one, and some one else is in possession, the remedy at law is plain, adequate and complete, and an action by ejectment cannot be maintained under the guise of a suit to quiet title. In such case, the party in possession has a constitutional right to trial by a jury." *Jackson* v. *Frazier*, 175 Ark. 421, 299 S. W. 738; *Fisk* v. *Magness*, 193 Ark. 231, 98 S. W. 2d 958.

As stated above, it was held on the former appeal of this case that the chancery court had jurisdiction to cancel a void tax sale and a donation certificate based thereon at the instance of appellee even though appellant was in possession, and it was very strenuously there insisted that the action was one to quiet title against a defendant in possession, but we held it was not, but only to remove a cloud on title. Even so, we very carefully warned appellee in that case that: "When the possessory action is begun, many authorities cited by appellant will be applicable."

It appears to us that appellee is seeking to do by indirection what he admittedly could not do directly. He seeks to convert a non-possessory action in equity into one in ejectment and still maintain it in equity, thereby depriving appellant of all right to have compensation for his improvements made. It was held in the case of *Beloate* v. *State*, 187 Ark. 17, 58 S. W. 2d 423, that the provisions of § 3708, C. & M. Digest (§ 4663, Pope's Digest) do not require that a tender of the value of improvements be made to an occupant under a donation certificate in a suit attacking the tax sale upon which the donation certificate is based. But it was not held there that the occupying donee under a donation certificate might be dispossessed without compensating him for the value of the improvements made. On the contrary, it was held in said Beloate case that if the tax sale were held void "the court would, no doubt, ascertain the value of any improvements made upon the land by the donee by virtue of his certificate of donation under § 10120, Crawford & Moses' Digest (13884, Pope's Dig.) and require the payment thereof as a condition upon which a writ of possession might issue." Appellant may not be deprived of this

right merely because the tax sale was held bad in the former opinion. For aught that appears in the record to the contrary, appellant may have had such possession that he may not now be dispossessed, even though the donation certificate has been canceled as being based upon a void tax sale. That, too, is a question which appellant has the right to have tried in a court of law. Under the provisions of act 7 of 1937, appearing as § 8925, Pope's Digest, possession under a donation certificate for two years suffices to defeat a recovery of possession in the original action. Appellee received all the relief to which he was entitled in the original action from a court of equity—the cancellation of certain instruments or conveyances as clouds on his title. He now desires to obtain possession, but he cannot get it in this summary way. Appellant has the right to defend his possession in an action at law.

The decree will be reversed, and the cause remanded with directions to sustain the demurrer, and for further proceedings according to law, the principles of equity and not inconsistent with this opinion.