RICE *v.* RICE.

4-7163                                                     175 S. W. 2d 201

Opinion delivered November 22, 1943.

938

*E. G. Ward*, for appellant.

*Taylor & Hines*, for appellee.

Smith, J.   Appellants have the record title to southwest quarter, southwest quarter of section 17, township 21 north, range 6 east, and appellee has the record title to southeast quarter, southwest quarter of section 17, township 21 north, range 6 east.   These are, of course, adjoining tracts of land, and this litigation involves the title to a strip of land containing 3.14 acres lying between these two forty-acre tracts.

Appellants brought suit in ejectment to recover possession of this strip of land, alleging that it was a part of the forty-acre tract to which they have title. Appellee denied that it was.   The complaint was amended more than once, and so was the answer, and the cause was transferred to equity.

The cause was transferred to equity on the amended answer and cross-complaint of appellee who alleged that the boundary line had long been established and had been acquiesced in for eighteen or twenty years, and that appellee and her predecessors in title had, during this time, occupied said land up to said established line, and that appellants "are now estopped from denying that said boundary line thus settled and long acquiesced in is the true line; that the facts set out above are proper subject for equitable jurisdiction, and the defendants cannot obtain adequate relief at law."   Wherefore, it

was prayed that the cause be transferred to equity,. and that the defendants' title be there quieted.

The next pleading appearing in the record is "An Answer to Defendants' Answer and Cross-Complaint," in which it was recited, "Without waiving any of their rights under their objections to the transfer of this cause from the law court to the equity docket, but herein still objecting and protesting the jurisdiction of the court of chancery to hear and determine the issue involved herein," the facts were denied which defendant—appellee—alleged entitled her to have her title quieted. After much testimony had been heard a decree was rendered quieting and confirming appellee's title as against appellants.

There appears to have been no formal motion to remand the cause to the law court, but certainly appellants were not acquiescing in the jurisdiction of the. chancery court, and if the pleading from which we quoted above had any purpose, or is to be given any meaning or effect, it must be regarded as a motion to remand to the law court. There was not alleged in the pleadings, nor was there developed in the testimony, any ground for any equitable relief.

The case presents two questions, both pure questions of fact: First, the location of the correct boundary line between the two tracts; and, second, if the tract was within appellants' boundary, whether they had lost title through adverse possession or through the establishment of an agreed line. Both of these are questions which usually arise in ejectment cases, and either party had the right to have both questions passed upon by a jury in a trial at law, there being no other questions involved.

It is true appellee prayed that her title be quieted and confirmed; but if this prayer for relief suffices to entitle one to transfer to equity, there could be no trial of title to land in the law court, except by consent of parties, as either party might pray this relief and thus deprive the other of a trial by jury. This, under our

Constitution, and the practice as defined in many cases, cannot be done. *Pearman* v. *Pearman,* 144 Ark. 528, 222 S. W. 1064; *Jackson* v. *Frazier,* 175 Ark. 421, 299 S. W. 738; *Fisk* v. *Magness,* 193 Ark. 231, 98 S. W. 2d 958; *Patterson* v. *McKay,* 202 Ark. 241, 150 S. W. 2d 196.

There was here no prayer for any relief which the judgment of a court of law would not have afforded, and to grant that relief the application of no equitable principle would be involved, or required to be invoked. Had the questions stated been passed upon and decided by a jury in appellee's favor, the judgment of the circuit court upon that verdict would have as effectively quieted her title to the land in controversy as any decree of a court of equity could have done.

We conclude, therefore, that it was error to have transferred the cause to equity, and the decree will be reversed and the cause remanded with directions to transfer to circuit court for a trial there before a jury, unless a jury is waived, in which event the trial will be before the circuit judge, sitting as a jury.