WINKLE *v.* SCHOOL DISTRICT No. 81,
INDEPENDENCE COUNTY.

4-8932                                         221 S. W. 2d 884

Opinion delivered July 4, 1949.

*R. W. Tucker,* for appellant.

*Chas. F. Cole,* for appellee.

HOLT, J.   April 13, 1948, by proper court order, School District No. 53 of Independence County was con-

solidated with appellee, School District No. 81 of that county.

June 10, 1907, C. H. Gunther and wife conveyed by warranty deed to School District No. 53 approximately one acre of land out of a 140 acre tract which they owned. This deed provided: "Said School District is to have and to hold said lands as long as they use it for school purposes and when it is not so used it is to revert back to the above described land of which it is a part, and it is further agreed that said district shall allow all denominations to preach in there as long as one may use it."

The original 140 acre tract was later conveyed by the Gunthers to H. F. Caterlin who afterwards conveyed to appellant, Winkle, and wife. In neither of these deeds was there any mention of the prior conveyance of the one acre tract to the School District, but both deeds undertook to convey the entire 140 acre tract.

Following the consolidation of the two districts, and at the end of the school term then in progress, appellee removed the seats and school furnishings from the school house in former district No. 53, and immediately appellant took possession of the one acre tract and the building and claimed and asserted title and ownership.

August 28, 1948, appellee District, filed the present suit in equity, in which it alleged, in effect, that appellant, Winkle, was in possession of the one acre tract and building in question, that it (appellee) was the owner, held title and was entitled to possession, that appellant was holding possession without right, and prayed that he be restrained from interfering with appellee's right to said premises, that he be required to restore the property to its former condition, for damages, and other equitable relief.

Appellant answered with a general denial, alleged that he held possession, title and ownership, that equity was without jurisdiction, that the action was one solely in ejectment, and petitioned the court to transfer the cause to the Circuit Court for trial.

Upon a hearing, the trial court denied appellant's petition to transfer the cause to the Circuit Court and proceeded to determine the issues. This was error.

This action was in ejectment and appellee had a full and complete remedy at law. Both parties were claiming title to the one acre tract and building in question, and the right to possession. It is undisputed that appellant was in actual possession and control when the suit was brought. He, therefore, had the constitutional right to demand that the issues be tried in a court of law. No equitable issue was involved. The question of title was purely a legal one.

"The equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession, unless his title be merely an equitable one. The reason is that where the title is a purely legal one and some one else is in possession, the remedy at law is plain, adequate and complete, and an action of ejectment can not be maintained under the guise of a bill in chancery. In such case the adverse party has a constitutional right to a trial by a jury." *Pearman* v. *Pearman,* 144 Ark. 528, 222 S. W. 1064.

These principles of law have been carried through our decisions and reaffirmed in *Fisk* v. *Magness,* 193 Ark. 231, 98 S. W. 2d 958; *Patterson* v. *McKay,* 202 Ark. 241, 150 S. W. 2d 196; *Rice* v. *Rice,* 206 Ark. 937, 175 S. W. 2d 201, and *Lowe* v. *Cox,* 210 Ark. 169, 194 S. W. 2d 892. The latter case appears to be the last expression of this court on these principles.

For the error indicated, the decree is reversed and the cause remanded with directions to sustain appellant's petition to transfer the cause to the Circuit Court for trial.