EADES *v.* JOSLIN.

4-9583                                          244 S. W. 2d 623

Opinion delivered November 26, 1951.

Rehearing denied January 21, 1952

*A. R. Cheatham* and *A. A. Thomason,* for appellant.

*Keith & Clegg,* for appellee.

ED. F. McFADDIN, Justice. Appellee, as plaintiff, alleged that she was the owner and in possession of the 140 acres involved, and sought to have her title quieted. W. T. Eades was the common source of title and appellee claimed by purchase from his estate and his widow. The defendants were the heirs of W. T. Eades and, the grantees from such heirs. A trial in the Chancery Court resulted in a decree quieting the plaintiff's title and defendants (appellants) challenge the correctness of that decree.

I. *Equity Jurisdiction.* The appellants insist that the case should have been transferred to the law court. They claim that the plaintiff was not in possession when she filed the suit to quiet her title; and they cite and strongly rely on our cases which hold that a plaintiff may not maintain a suit in equity to quiet title against a defendant who is in possession of the property. Among such cases are: *Simmons* v. *Turner,* 171 Ark. 96, 283 S. W. 47; *Gibbs* v. *Bates,* 150 Ark. 344, 234 S. W. 175; *Chaplin* v. *Holmes,* 27 Ark. 414; *Jackson* v. *Frazier,* 175 Ark. 421, 299 S. W. 738.

The general statement of law as announced in the cited cases is entirely correct; but a study of the pleadings and procedure in the case at bar shows that the aforementioned rule is not applicable. Here is the situation:

1. The complaint alleged that the plaintiff "is the owner and in possession" of the lands involved. Against that complaint the defendants twice filed a motion asserting that the defendants were in possession and that the cause should be transferred to law and treated as an action in ejectment. These motions were treated as demurrers; and the Chancery Court was correct in denying them at the stage of the proceedings and in the condition of the record, then existing. In *Earle* v. *Chatfield,* 81 Ark. 296, 99 S. W. 84, the complaint alleged that the plaintiff was in possession; the defendants by motion denied plaintiffs' possession and moved to transfer to law; the Chancery Court denied the motion to transfer; and this court on appeal said:

"The court did not err in overruling the motion to transfer to law. The complaint stated that plaintiff was in possession of the land, set up his title, and asked to have same quieted. This gave the chancery court jurisdiction. *Lawrence* v. *Zimpleman,* 37 Ark. 645. The court must look to the allegations of the complaint, *in limine,* to ascertain whether it had jurisdiction. The complaint did not affirmatively show that the defendants were in possession, as alleged in the motion to transfer. The chancery court did not lose its jurisdiction because defendants moved to transfer to law, alleging that they were in possession."

2. After the said motion to transfer had been overruled the defendants jointly filed a "Substituted and Amended Answer" in which they (a) denied the allegations of the complaint, (b) pleaded limitations under § 37-101, Ark. Stats., (c) pleaded the one year nonsuit statute under § 37-222, Ark. Stats., and (d) pleaded laches and estoppel. Not only was there no mention in the pleading that the case should be transferred to law: on the contrary, the plea of laches presented a defense cognizable only in equity. See *Sanders* v. *Flenniken,* 180 Ark. 303, 21 S. W. 2d 847, and *Waits* v. *Moore,* 89 Ark. 19, 115 S. W. 931. Thus, the defendants waived any right to trial at law because they failed to make such claim in

a seasonable manner, and also because they pleaded defenses exclusively equitable.

II. *Adverse Possession.* The legal title was in the plaintiff. The defendants relied strongly on their claim of seven years adverse possession—*i. e.,* § 37-101, Ark. Stats. This suit was filed on July 28, 1949, and it was shown that the plaintiff rented the land to Hosea Dread and that he occupied it as tenant of the plaintiff for the year 1942. Such occupancy by plaintiff's tenant in 1942 prevented the defendants from having had seven years possession prior to the filing of the suit. The Chancellor, in his opinion, thus stated the issue:

"The proof shows that the record title to the lands involved is in the plaintiff. The defendants' claim of title to the lands involved in the suit is based almost entirely upon a claim of adverse possession. To sustain the claim of adverse possession the burden of proving adverse possession rests with the defendants, and the court is of the opinion and finds that the defendants have not discharged this burden."

A careful study of the record fails to disclose that the Chancellor's finding is against the preponderance of the evidence on this issue of adverse possession.

III. *Laches.* The defendants claim that the plaintiff should have brought this suit before the land became valuable for oil. The Chancery Court disposed of the plea of laches in this language:

"In order to attempt to defeat the claim of plaintiff to the lands in controversy, the defendants also raise the question of laches against the plaintiff's claim. The court is of the opinion and finds that the defense of laches has no application to the facts in this case."

Without reviewing the evidence in detail it is sufficient to say that we agree with the Chancery Court: the plaintiff's title was of record; the Eades were depending on adverse possession; until their possession had ripened into title they had no title to lease or sell. We

find no facts sufficient to make laches applicable as a defense in this case.

IV. *Nonsuit Statute.* In 1939 the appellee brought suit to quiet her title to one 40-acre tract; took a voluntary nonsuit in 1940; and filed no suit thereafter until the present one, in 1949. Based on these facts, appellants plead the one year nonsuit statute (§ 37-222, Ark. Stats.) as a bar to the present suit. The case of *Mitchell* v. *Fed. Land Bank,* 206 Ark. 253, 174 S. W. 2d 671, decides this question against the appellants; because they are here seeking to invoke the one year nonsuit statute to shorten the plaintiff's rights, and such is not its purpose. The plaintiff could have brought suit to quiet title at any time before the defendants acquired title by adverse possession. In *Love* v. *Cahn,* 93 Ark. 215, 124 S. W. 259 we said of our nonsuit statute:

"But the statute (Kirby's[1] Digest, § 5083) which tolls the statute of limitation for one year where the plaintiff suffers a nonsuit does not narrow the period of limitation in which an action may be brought upon a claim which is not otherwise barred by the general statute of limitation applicable to such claim. This provision of the statute only applies to those causes of action which, under the general statute of limitation applicable to such cause of action, would otherwise be barred before the running of one year from the time of taking such nonsuit. The statute, instead of shortening the period of limitation, really extends the period provided by the general statute of limitation applicable to the cause of action."

Finding no error the decree of the Chancery Court is in all things affirmed.

---

[1] This is now § 37-222 Ark. Stats.