Owen *v.* Johnson.

5-258                                    263 S. W. 2d 480

Opinion delivered January 11, 1954.

*Tom Gentry,* Attorney General, *John Shamburger,* Assistant Attorney General, and *H. J. Denton,* for appellant.

*Emery D. Curlee,* for appellee.

J. SEABORN HOLT, J.    Appellee, Mrs. Johnson, on August 15, 1952, filed suit (2843 in the trial court) to confirm and quiet title to a tract of land of approximately 3.5 acres, and also to other land bordering on the east bank of White River, all in the town of Cotter.   She asserted title by adverse possession for some thirty-five years, and also by recorded deeds of conveyance.   Appellants, Owen, *et al.,* answered with a general denial and pleaded laches as a defense.   In a prior suit (No. 2834) appellants on July 28, 1952, asserted ownership and possession of the 3.5 acre tract and sought to quiet alleged title.   It was agreed that the two cases should be tried as one case and decree in case No. 2843 would govern case No. 2834.

The town of Cotter intervened, claiming certain interests in a narrow strip on appellee's land outside of the 3.5 acre tract, for road or street purposes.

Claude A. Rankin, Commissioner of State Lands, on behalf of the State, intervened and alleged possession and ownership of "the following described parcel of land situate in the bed of White River and between the bases of the east and west banks thereof, to-wit:

"A part of the NE Frl. ¼, Section One (1), Township Eighteen (18) North, of Range Fifteen (15) West of the Principal Meridian in Cotter, Baxter County, Arkansas, and more particularly described as follows: Beginning at the NE cor. of a 6-acre tract in the Town of Cotter, lying at the W. end and S. and W. of Pyeatt Ave., and immediately opposite to Lots 1695 to 1700, incl., and between said lots and White River, running thence S. 30 deg. no min. W., a distance of 624 feet, to the E. bank of White River, for a place of beginning; thence continuing on the same line, and same degree 250 feet to a point on gravel bar, near the center line of White River, and 250 feet from water's edge, at low mark, on the east bank of White River, thence N. 54 deg. 00 min. W., a distance of 455 feet, along the contour of the river bed; thence N. 40 deg. 45 min. E., a distance of 250 feet, to the East bank of White River; thence S. 53 deg. 45' E. with the meanderings of the E. bank of White River, a distance of 455 feet, more or less, to point of beginning."

Trial resulted in a decree in favor of Mrs. Johnson (appellee) confirming her title to the 3.5 acre tract and the other land described in her complaint. The court denied the claims of the town of Cotter and the Commissioner of State Lands. From this decree, appellants and interveners have appealed.

The record reflects that two surveys were made by competent surveyors of the lands involved. A survey by Mr. King, and relied upon by Mrs. Johnson, had as the starting point a pin oak tree by the foundation of an old ice plant referred to in appellee's deeds. There was evidence to support appellee's claim as to the location of the tree and the old ice plant building. Appellants and interveners claimed that the pin oak tree, which marked the corner, and referred to in the muniments of title, was

47 feet northeast of the point claimed by appellee, from which point the survey on which they relied was made.

The findings of the trial court contain the following recitals: "There are two things essentially important in determining this case. One is the location of the old ice plant building. . . . The plaintiff (Mrs. Johnson) says that the old ice plant building was at a certain point; the defendant says that it was at another point. The court must accept the theory of the plaintiff because the testimony shows that there still remains the concrete foundation of this old ice plant building, . . . that this foundation is on the identical spot claimed by the plaintiff. . . . Another essentially important point is the location of the northwest corner of the Dixon (and Owen) land. The deeds refer to a certain pin oak tree as marking the corner. The plaintiff says this tree was at a certain point on which they rely. Defendants and interveners say that the tree referred to in the muniments of title was forty-seven feet northeast of the point claimed by the plaintiff. Now the court doesn't know which is correct. . . . Mrs. Johnson and her witnesses say that her lands have been fenced for several years until within the last year sections of the fence have been removed from time to time. The surveyor, King, says that when he surveyed what was pointed out to him as the lands of the plaintiff he used this tree relied on by the plaintiff and found immediately beside the tree a portion of that old fence corner. The court must take that as strongly indicating that that was the point marking the northeast corner of the land which plaintiff had had fenced, plaintiff and her witnesses having claimed that that was the tree to which their northeast corner extended. . . . The proof shows that she has had possession except others have used portions of the lands for posts or ties or some kind of timber products, but the witness who testified to that fact said it was by permission. . . . So far as this record is concerned, the only cutting of timber that has occurred there took place a year or so ago when the son of this plaintiff, or some witness at least, inquired about it, and Mr. Denton said

they were trying to make a survey down through there and they were simply cutting the timber for the survey. . . . Mrs. Johnson and her witnesses say she has had this land claimed by her fenced for the last thirty-five years; that only within the last years have sections of fence disappeared from time to time.

"Regardless of descriptions, regardless of trees, regardless of everything else, if she has had the land fenced, claiming to be the owner, she would be entitled to a decree of confirmation. Her testimony shows that somebody, and she charges the defendants or interveners, has removed portions of the fence and put articles on the land and that they ought to be restrained from trespassing upon the lands. The court thinks that the preponderance of the testimony sustains the theory of the plaintiff and that title to the lands should be quieted and confirmed in her. . . ."

— 1 —

After a review of all the evidence, we have concluded that the findings of the Chancellor that Mrs. Johnson (appellee) has title to the 3.5 acre tract by adverse possession is not against the preponderance of the testimony.

— 2 —

We hold that the court erred in denying the prayer and relief sought in the intervention of the Commissioner of State Lands. We take judicial notice that White River is a navigable stream at the point where it borders appellee's land in the town of Cotter and therefore the State of Arkansas is the owner of the river bed, bordering appellee's land as said river bed is described in the State's intervention. "The court will take judicial notice that White River is a navigable river." *Hill* v. *McClintock,* 175 Ark. 1059, 1 S. W. 2d 564. "The riparian owner upon a navigable stream, . . . takes only to the high water mark, the title to the bed of the stream being in the State." *Lutesville Sand & Gravel Company* v. *McLaughlin,* 181 Ark. 574, 26 S. W. 2d 892.

— 3 —

The intervention of the town of Cotter must fail for the reason that we find no competent proof of ownership by Cotter of any of the lands here involved.

— 4 —

Appellants' contention that appellee's remedy was at law in ejectment is without merit for two reasons: (a) It appears that appellants made no motion to transfer to law and they are in no position to complain here. (b) It also appears that appellants pleaded as a defense laches which is cognizable only in a court of equity. *Eades* v. *Joslin,* 219 Ark. 688, 244 S. W. 2d 623.

Accordingly, that part of the decree confirming and quieting appellee's title to the 3.5 acre tract, and the other land described in her complaint extending to the high water mark on White River is affirmed. That part of the decree, awarding her any part of the river bed as claimed by the Commissioner of State Lands, is reversed with directions to enter a decree not inconsistent with this opinion. The plaintiffs and defendants in the trial court will pay their own costs. Appellants will pay all costs in this court.