Juanita JONES et al *v.* George SCOTT et al

74-17                                    509 S.W. 2d 831

Opinion delivered May 28, 1974

[Rehearing denied June 24, 1974.]

*Henry C. Morris,* for appellants.

*Fred E. Pickett,* for appellees.

CONLEY BYRD, Justice. At issue here are the rights of the public, appellees George Scott, et al, versus the landowners, appellees Juanita Jones, et al, in and to a gravel bar adjacent to Stallion Ford on Little River. The trial court somewhat inconsistently found that there was no prescriptive right in the public to use the gravel bar for camping, picnicking or bank fishing but at the same time found that the public by prescription had a right to use the gravel bar for launching of boats. The trial court also determined that Little River was not a navigable stream. The landowners appeal contending that the evidence is insufficient to sustain a prescriptive right in the public to launch boats and park vehicles on the gravel bar. The appellees, George Scott, et al, cross-appeal contending:

> "I. The court erred in its findings of fact and conclusions of law that Little River is a non-navigable stream in a commercial sense.
>
> II. The court erred in its findings of fact and conclusions of law that plaintiffs and the public have no right to use the land lying between the high water marks on the banks of Little River.
>
> III. The court erred in its findings of fact and conclusions of law which deny plaintiffs and the public in general the use and benefit of all property lying between the high and low water marks on Little River as a part of Millwood Reservoir."

The parties stipulated that the public for more than 30 years had used Stallion Road open continuously, adversely and hostilely and under claim of right "for public purposes and for crossing Little River and gaining ingress and egress to Little River at Stallion Ford." The trial court determined that Stallion Road was 30 feet wide and from this finding there is no appeal.

With reference to navigability of Little River appellees stipulated:

". . . Little River in its present state is not suitable for commercial navigation. We're not saying that it hasn't been so used in the past. We're not saying it could not be used in the future. We're saying at the present time that it's not commercially navigable, in that we have no proof whatsoever to offer that it is being used commercially."

The proof on the part of appellees was furnished through James Sharp, age 81, Mr. George Scott, age 60, Kenneth McElhannon, district supervisor with the Arkansas Game and Fish Commission, George Dalton Bush, age 74, and W. C. Hess, age 75, a minister affiliated with the Organized Church of Jesus Christ. The appellants' testimony was principally given by Herman Jones, who between the time of trial and this appeal became the victim of a homicide at Stallion Ford.

All of the witnesses recognized that the area in question, including the surrounding high bank area was not fenced until recently. All witnesses testified that they had observed and had used the gravel bar area for launching of boats, fishing, camping and church meetings. People had also used the area as well as the high bank area for parking of vehicles by both fishermen and swimmers. In testifying however, the appellees' witnesses did not specifically refer to the times involved nor the intensity of the use made of the gravel bar. Significantly, however, is the fact that some of the witnesses who testified to the use of the gravel bar also testified to the use of the surrounding area in general for squirrel hunting. In fact Mr. Sharp testified:

"Q. Have you ever had occasion to ask Mr. Jones or his father or any members of his family for permission to go down there?

A. No. Tom Jones, his father was a friend of mine and he invited us down there any time we wanted to go. They use to have a dance hall down there on the first bank.

Q. Were they the ones that sponsored these activities?

A. Part of it, yes, sir.

Q. So the public came down there at their invitation?

A. Yes. Jones would loan you a boat and tackle if you wanted it."

With reference to the intensity of the use for boating Herman Jones testified there wasn't but very little boat launching taking place until recent years (the three years) following the building of Millwood Dam.

Appellees to sustain the finding of the trial court that the public had a prescriptive right to use the gravel bar for boat launching and parking of vehicles and to reverse the trial courts' finding that the public had no prescriptive right to use the gravel bar for camping, picnicking and religious purposes rely upon *Fullenwider* v. *Kitchens*, 223 Ark. 442, 266 S.W. 2d 281 (1954). In that case we permitted prescriptive rights to be obtained over open and unenclosed lands because the facts and circumstances of the prior usage were such that the landowner would be presumed to know that the usage was adverse. In so holding, this court at page 445, stated:

"The reason for the rule that a passageway over uninclosed land is deemed to be permissive is sound and also easily understandable, . . . . It assumes that the owner of such land in many instances will not be in position to readily detect or prevent others from crossing over his land, and, even if he did, he might not enter any objection because of a desire to accommodate others and because such usage resulted in no immediate damage to him. Also in such instances the landowner would probably have no reason to think the users of the passageway were attempting to acquire any adverse rights. . . ."

When the testimony of Mr. Sharp and that of Herman Jones, are considered along with all of the other evidence it would appear that the use of the gravel bar outside of that part comprising the 30 feet road right-of-way was permissive on the part of the landowner because of either a desire to accommodate his neighbors and acquaintances or else the use was not of such frequency that the landowner would be presumed to know that the usage was adverse. Of course the increased usage following the building of Millwood Dam had not con-

tinued for the required seven years to acquire an easement by prescription. The bruden of proof was upon those claiming the adverse use and we find that such use has not been shown by a preponderance of the evidence.

We find no merit in the cross-appeal. On the issue of navigability, the proof beyond appellees' stipulation shows that on one occasion Little River had been used to float logs but there was no attempt to show that the river was commercially usable with any degree of tolerable regularity. Furthermore, the proof shows a number of places where the river is fordable by jeep or farm tractor. Appellees' witness testified that the river at Stallion Ford was very shallow—something like six or eight inches when the river was at low water. See also, *Gill* v. *Hedgecock,* 207 Ark. 1079, 184 S.W. 2d 262 (1944), which also recognized that Little River was not a navigable stream.

Neither do we find anything in the flowage easement obtained by the Government in connection with the construction of Millwood Dam that would give the public any right to the use of the lands. That instrument only granted the Government an occasional right to flood and submerge the lands below 290.0 ft. M.S.L.

It follows that the decree of the trial court granting rights to the public to use the gravel bar outside of the 30 feet road right-of-way must be reversed.

Reversed on direct appeal. Affirmed on cross appeal.