William E. CLARKE et ux *v.*
MONTGOMERY COUNTY et al

CA 79-255                                   597 S.W. 2d 96

Court of Appeals of Arkansas
Opinion delivered April 2, 1980
Released for publication April 23, 1980

*Gardner & Gardner,* for appellants.

*Shaw, Shaw & Tucker,* by: *Robert L. Shaw* and *Glen G. Langston,* for appellees.

ERNIE E. WRIGHT, Chief Judge. Appellants are the owners of approximately 160 acres of land bordering the North bank of the Ouachita River near Oden in Montgomery County, Arkansas. In May, 1977, Montgomery County filed suit in the Chancery Court alleging the appellants have been obstructing and interfering with the public's use of a long established county road used by the general public traversing said land, and seeking injunctive orders against interference with the road. In March, 1978, Carl Smith and other residents of Montgomery County filed a separate suit in the same court alleging the road in question is a county road, that it has been used adversely by the general public under claim of right for a hundred years or more and that the public's right to the road has ripened by prescription. The

appellants filed an answer in the last suit denying the road is a public road or that the appellees have acquired the right to use the road by prescription. No answer or other pleading was filed by the appellants in the suit filed by the county. The cases were consolidated for trial, and at the conclusion of the trial the court found the road in question, not exceeding twenty feet in width, extending across appellants' land to the North bank of the Ouachita River is a public road, a part of the county road system, the plaintiffs and general public have used the road adversely under claim of right for many years, have acquired prescriptive rights in the road, and the road has never been abandoned. The court also found the general public had for many years adversely used a parking area adjacent to the river and road for many years, and the public had acquired a prescriptive right to use such parking area. Appellants were enjoined from obstructing or interfering with the use of the road and parking area. On appeal appellants contend appellees failed to meet their burden of proof establishing prescriptive rights in the road or parking area.

There was evidence the road in question had existed for more than fifty years extending from an established county road southerly across the land owned by appellants to the Smith Ford across the Ouachita River, that the road had been open, used adversely by the general public and that for more than seven years last past the road had been graded by the county. The ford is not used as much as in prior times because a bridge across the river was built nearby. The road is used by appellants for access to their home and continues on to the river. People use the road to go to the river for swimming, picknicking and putting boats in the river and taking them out. The county judge testified he never asked permission about maintaining the road and it was being graded by the county before he took office in January, 1971. the county graded down to and across the river. There was never objection to the county maintaining the road until 1976 when appellant, Clarke, placed a temporary gate across the road, and the county judge required him to take it down. There is no evidence the county graded any parking area adjacent to the road and river.

There was evidence on the part of appellants that the use

of the road by the public and the grading by the county was permissive, but the chancellor on conflicting evidence found the road had been used openly and adversely for many years, had been worked by the county and that it was a public road established by prescription. The chancellor's finding as to the road is not contrary to the preponderance of the evidence, and therefore, we affirm as to the road.

As to the finding and holding of the court that the public had acquired prescriptive rights in a parking area adjacent to the river and road, the evidence of adverse use of the parking area was weak and there was no evidence the area was ever maintained by the county. Regardless of the weight of the evidence as to the parking area, we conclude there is no basis in law for decreeing the public has acquired prescriptive rights in appellants' land for parking or for any purpose other than the right to use and maintain the road in question. Prescriptive public easement rights are limited to public thoroughfares used for travel purposes, and we find no authority for extending public prescriptive rights to a parking area used sporadically by members of the public. We do not find that the Arkansas Supreme Court has addressed the specific question. In the case of *Jones* v. *Scott,* 256 Ark. 653, 509 S.W. 2d 381 (1974), the trial court had decreed the public had prescriptive rights in a riparian area outside the road on a non-navigable stream for launching of boats. The court reversed on the weight of the evidence. However, the New York Supreme Court in *Pearsall* v. *Post,* 20 Wend. 111, dealt extensively with a similar question involving the use of certain land surrounding a road right-of-way adjacent to a river and referred to as a *landing.* The court held prescriptive rights of the public are limited to avenues of travel and do not exist as to a *landing* other than the right of transit as a road. In holding no such prescriptive right in the public is recognized in a *landing,* the court distinguished cases establishing adverse claims of ownership by private individuals. The court said:

> A *landing,* even though for the purpose of direct transit, is more than a highway. The relative rights, both of owner and and passenger, in a highway, are perfectly understood and dealt with by the law. Subject to the right

of mere passage, the owner of the soil is still absolute master. . . . It is enough, however, that we are thrown upon the common law, which does not recognize any such prescriptive easement for the benefit of a whole people . . . a rule of law, which should admit the possibility of turning such enjoyment into prescriptive and absolute right on the part of the public, would open a field of litigation, which no community could endure.

The decree is modified to delete the determination appellees and/or the public have any easement rights upon appellants' land other than the road easement. We point out, however, this holding does not impair the traditional rights the law recognizes the public as having in the use of a navigable stream. The riparian owner along navigable streams holds only to the high water mark, and the title to the bed of the stream is in the State of Arkansas. *Owen* v. *Johnson,* 222 Ark. 872, 263 S.W. 2d 480 (1954).

Affirmed as modified.